ELLA NATHAN, APPELLANT, v. FRANK NATHAN, APPELLEE.

FILED DECEMBER 15, 1917. No. 19772.

1. **Divorce:** ALIMONY. In a divorce action where alimony is prayed for by a wife, all of the issues that are properly presented by the pleadings and supported by the testimony are to be considered in arriving at the amount of the award.

2. ———: ———: TRUSTEE. Where a decree of divorce and alimony is granted to a wife on grounds other than adultery, the court is not warranted in placing such alimony in the hands of a trustee, in the absence of a proper showing of necessity therefor. In such case section 1581, Rev. St. 1913, does not apply.

3. ———: CUSTODY OF CHILDREN. In awarding the custody of a minor child the court will look to the best interests of the child.

4. ———: ———: ALIMONY. The record examined, and *held*, the decree of the trial court must be sustained in part and modified in part.

APPEAL from the district court for Cuming county: ANDREW R. OLESON, JUDGE. *Affirmed in part, and reversed in part, with directions.*

*Courtright, Sidner & Lee,* for appellant.

*Barnes & Price, J. J. Sullivan* and *Fred D. Hunker, contra.*

DEAN, J.

Mrs. Ella Nathan sued her husband for a divorce and for the custody of four minor children and for alimony. She was awarded a decree of divorce, the custody of the two younger children, $4 a week for their board and lodging while minors, "their clothing and other expenses to be borne by the defendant," a judgment for $35,000 alimony, $250 attorney's fees, and costs of the action. Plaintiff is dissatisfied with the award of the custody of the elder children to defendant and with the amount of the recovery, and has brought the case here for review.

The court found that four children were the issue of the marriage, namely, Harvey, 16, Leonard, 14, Eldred, 12, and Pearl, 10 years of age. The court also found the defendant guilty of extreme cruelty toward plaintiff, and awarded the custody of Eldred and Pearl to her, and of Harvey and Leonard to defendant. The decree directed that the judgment of $35,000 in favor of plaintiff should be paid over by defendant on or before October 1, 1916, to a trust company, located at Norfolk in a neighboring county, as trustee for plaintiff, subject to the further orders of the court.

The record is not voluminous, but it is sufficient to disclose that the decree of divorce is amply sustained by plaintiff's proof of repeated acts of cruelty. It is shown that defendant's cruelty toward his wife began within three weeks after the marriage vows were assumed and that its intensity increased with the passage of the years. In the presence and hearing of his children and of the hired help, and throughout their married life, he continuously and repeatedly charged that his wife violated her marriage vows by sustaining improper relations with one or more of the hired men, and that she had committed adultery with a man with whom she kept company before her marriage to defendant. His wife indignantly denied his every allegation of unchastity. But there was no need of denial. The defendant admitted at the trial that all of his aspersions against the good name of his wife were always known by him to be falsehoods and that he did not believe her to be unchaste or that she ever committed any of the improper acts of which he accused her. The record shows that in the privacy of their home he frequently told his wife, and at times told others, that his charges of infidelity were untrue. While such retraction is commendable, it does not recall the poisoned word of slander nor undo the grievous wrong of defendant in falsely parading his wife to his children and to the world as an adulteress. The record shows

that defendant was addicted to the daily habit of consuming considerable quantities of intoxicating liquors, though rarely to the extent of becoming perceptibly intoxicated.   But the liquor habit does not extenuate it only aggravates the offense.   His conduct became such that his wife was compelled to leave home.   It is also disclosed that when the family and the hired help were seated about the dining table, and at other times, he was accustomed to make unseemly remarks to his children.   Some of these were directed against his wife.   The record shows that defendant should not have the custody of any of the children committed to him.   In view of the record, we believe the custody of all the children should have been awarded to plaintiff.

Soon after their marriage defendant inherited from his father's estate 520 acres of the 1,000-acre tract which he now owns, and personal property valued at $3,000 or $4,000.   About eight years after their marriage plaintiff acquired by inheritance $4,000 and at another time $1,000.   This money she turned over to her husband.   With the $4,000 he purchased 80 acres of farm land, taking title thereto in his own name.   The remaining $1,000 was used in improvements on the place.   Since their marriage, the parties out of the products of their land and earnings have purchased 400 additional acres of farm land.   So that at the time of the trial defendant was the owner of 1,000 acres of farm land in Cuming county of the stipulated value of $150,000.   It is admitted by him that his total financial worth approximates $155,000.

Plaintiff was a good house-wife and, though a delicate woman, attended well to the duties that pertained to her position in the home.   She was a good mother and reared her children well.   She seldom left the home place, but gave to her duties there her unremitting attention.   With the help of her children she did practically all of the housework for many years for her

family of six persons and for the most of the time for two or more hired men. Owing to lack of conveniences about the home and that are detailed in the testimony, the housework she performed was apparently more than usually falls to the lot of a farmer's wife. In the domestic service of the home it seems that she received practically no assistance from defendant. Nearly all of these particulars are admitted by him. In view of the record and of defendant's admissions of cruel treatment and by reason of his cruel conduct toward his wife, that is amply supported by competent testimony with respect to the marital relation that he enforced and plaintiff's resultant suffering and ill health, the judgment that she recovered is inadequate. The trial court should have rendered a judgment in her favor for $50,000.

We have awarded the custody of all the children to plaintiff. This circumstance, entirely aside from the question of maintenance and education, will entail upon her additional burdens and care. In awarding the custody of a minor child the court will always look to its best interest. In the present case we have endeavored to apply this salutary rule. The situation before us is one that should not permit sentiment to prevail at the expense of the child's welfare.

But defendant cannot be permitted to escape the paternal obligation that he owes to his children of providing for their care, maintenance and education during minority. For this purpose defendant must pay to the clerk of the district court of Cuming county $1,500 annually, or by instalments, as the district court may direct, for the care, maintenance and education of his four children during their minority; such money to be by the clerk paid over to plaintiff on her request. Of this sum $500 a year is for the support of the daughter Pearl, and the remainder for the support of the three sons equally. For the purpose of determining the time and manner of payment for support of the

children, whether by instalment or otherwise, the trial court may in its discretion take testimony.

The court was not warranted by the pleadings nor the testimony in ordering plaintiff's alimony to be transported to a county other than that of her residence and there placed in the hands of a trustee. This may have been done in pursuance of section 1581, Rev. St. 1913, but clearly this statute has no application to the facts of the case before us.

The $250 that the court directed defendant to pay as an attorney fee for plaintiff's attorneys may stand as a charge against defendant, and when paid this sum may be applied as a payment on such fee as plaintiff and her counsel agree upon.

The judgment of the trial court is affirmed in part, and reversed in part, and the cause is remanded, with directions that it be modified to conform to the views herein expressed.

JUDGMENT ACCORDINGLY.

LETTON and SEDGWICK, JJ., not sitting.