NEMECHECK *v.* NEMECHECK.

1. DIVORCE—ALIMONY—PAYMENTS TO STATE HOSPITAL—COURTS—JURISDICTION.

Where, at time husband was granted decree of divorce, wife was county charge in State hospital for insane, court had jurisdiction to require husband to pay certain amount weekly to court officer to be remitted to said hospital, since said payments were in nature of alimony and established no liability of plaintiff to the State under Act No. 151, Pub. Acts 1923, § 27, and therefore was no invasion of jurisdiction of probate court.

2. SAME—AMBIGUOUS DECREE PROPERLY AMENDED.

Where divorce decree was ambiguous and uncertain, it was properly amended to provide for payments after wife, who had been discharged, was readmitted without new commitment by probate court, since actuality of her confinement, and not its legality, determined husband's obligation.

3. SAME—PAYMENT TO COURT OFFICER PROPERLY REQUIRED.

On account of wife's condition, court properly required payment to be made through court officer, and this provision did not change character of payments as alimony.

4. SAME—DECREE FOR ALIMONY MAY BE AMENDED.

Court has power to amend decree for alimony on showing of changed conditions.

5. EQUITY—POWER TO CONSTRUE DECREES.

Court of equity has power to construe and clarify its ambiguous decrees.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 15, 1930. (Docket No. 103, Calendar No. 34,553.) Decided June 2, 1930.

Bill for divorce by Rudolph Nemecheck against Agnes Nemecheck. From an order denying plaintiff's petition to set aside and vacate an order amending the decree and to declare null and void certain provisions of the decree, plaintiff appeals. Affirmed.

*Edward R. Kehoe,* for plaintiff.

*Hardy Pagels,* for defendant.

FEAD, J. February 25, 1924, plaintiff had decree for divorce. Defendant was then a patient in the Pontiac State Hospital, committed as a charge on Wayne county. After dividing property held by the entireties and barring dower, the decree provided that plaintiff should pay $6.86 per week to the friend of the court—

"which said sum shall in turn be remitted by the said friend of the court to the said Pontiac State Hospital, and that this provision shall be and remain in full force and effect until such time as said Agnes Nemecheck shall no longer be a patient of

that institution, or until the further order of this court.''

Defendant remained at the hospital until July 1, 1924, when she was discharged. Without new commitment by the court, she was readmitted February 26, 1926, and since then has been a patient except at various short intervals. Plaintiff paid nothing of the award after the readmittance of defendant. In November, 1928, defendant's guardian brought attachment proceedings against him, but on hearing they were dismissed because of ambiguity in the decree. The guardian then filed petition to have the decree clarified and amended. On February 20, 1929, the court entered an order that the decree ''is hereby interpreted, clarified, and amended'' by striking out the original paragraph and substituting therefor a like provision requiring payment of the same sum—

''so long as the defendant shall be or remain a patient at said hospital, and should the said defendant be removed from the said hospital for any period of time, and later readmitted to said hospital as a patient, the said plaintiff shall be relieved from paying the sum of six dollars and eighty-six cents ($6.86) per week only for the time when said defendant is not at or in said hospital, and upon defendant's readmittance to the said hospital, the plaintiff shall again each week thereafter pay the sum of six dollars and eighty-six cents ($6.86) to the friend of the court, which said sum shall in turn be remitted by said friend of the court to the auditor general of the State of Michigan, and that this provision shall be and remain in full force and effect and entered *nunc pro tunc* as of February 25, 1924, and continue to remain in full force and effect as of February 25, 1924, or until the further order of this court.''

Plaintiff filed a petition to vacate the amendment, which petition was denied except by way of correction of the date of March 27, 1923, to read February 25, 1924, and plaintiff appealed.

Plaintiff contends the court had no jurisdiction to make the original or amended decree, as jurisdiction was exclusively in the probate court to charge him with defendant's support as a public patient in the State hospital; and also that her readmittance to the hospital in 1926, after she had been discharged over a year and without new commitment by probate court, was without authority, and the charge for support illegal. Act No. 151, Pub. Acts 1923, § 27.

The State was not a party to any of the proceedings. The decree established no liability of plaintiff to the State for defendant's support, and, therefore, was not an invasion of the jurisdiction of the probate court. Nor was payment made to depend upon the legality of her confinement at the hospital. Being for the wife's support, it was an alimony provision, determining merely the rights of the parties as between themselves, and in which the actuality of defendant's confinement, not its legality, determined plaintiff's obligation. Defendant's condition required the court to provide machinery for collection and disbursement. It was properly done through an officer of the court and the character of the conduit did not change the fact that it was an alimony decree.

Aside from the power of the court to amend a decree for alimony on a showing of changed conditions, we think the change here was no more than a fair construction of the original decree, re-expressing it in words which facilitate its enforce-

ment. The court of equity has power to construe and clarify its ambiguous decrees.

The order denying plaintiff's petition is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.