**MOSEY v HIESTAND, Trustee, et**

Ohio Appeals, 2nd Dist, Preble Co

No 101.   Decided Dec 15, 1941

Leo Burke, Cincinnati, and John P. Burke, Eaton, for plaintiff-appellant.

John V. Dye, Eaton, and King & Young, Eaton, for defendant-appellee.

**OPINION**

By GEIGER, PJ.

This case has been before this court at an earlier date and in a decision rendered May 28th, 1940, this court recites the history of the controversy in such detail that there is now no necessity of re-stating the matter.

At the former hearing, the court, without passing upon the questions at issue; held that inasmuch as there was irregularity in giving notice of intention to appeal, the court was without jurisdiction to pass upon any of the matters sought to be presented. The irregularity which this court then held to be sufficient to prevent the appeal on questions of law and fact was that it was addressed to an entry under a specific date which was, as a matter of fact, merely an entry date overruling a motion for new trial and therefore not a final entry. The case on this point was carried to the Supreme Court

and will be found reported in **138 Oh St 249**, in which that court holds that notice of appeal may be amended so as to show the final entry appealed from.

Following this decision there was filed in the Court of Common Pleas of Preble County on May 22, 1941, a mandate from the Supreme Court and at a later date an amended notice of intention to appeal with an entry granting application for rehearing and the motion for leave to amend the notice of appeal.

This brings the case before us as it was at the time it was heard but not decided for the reason above stated. Since that date the youngest daughter of the widow has arrived at full age and has filed an answer consenting that the prayer of the plaintiff be granted and the trustee discharged and the $14,000.00 now in his hands be turned over to the widow free from any restrictions imposed upon it in behalf of the children.

We will briefly sketch the issues now before us to ascertain whether there is a proper petition upon which we may grant the relief prayer for.

The amended petition was filed on May 25, 1939, and recites the fact that the plaintiff had been divorced from her husband and that after his death there was a discovery of additional assets. It alleges that the defendant is the administrator of the deceased husband and was such at the time of the original order granting specific real estate to the widow and a gross sum of $10,000.00 in cash together with a requirement that the defendant pay certain weekly allowances to the plaintiff for the support of the children. It is alleged that the same administrator acted as such at the time of the second application for alimony based upon a discovery of increased, concealed assets. The amended petition alleges that the plaintiff was unfamiliar with legal phraseology and can not read or write English and that she was not fully advised of what was being done and that without her knowledge the Common Pleas Court of Preble County, in addition to awarding her the sum of $15,000.00, entered an order, as part of said entry, appointing A. J. Hiestand, the defendant, trustee for the plaintiff.

Plaintiff alleges that she has been receiving from the trustee approximately $280.00 per year, equal to 2% on the balance held by the trustee, and that that is an insufficient amount for her maintenance and support and insufficient to provide a comfortable living; that plaintiff on numerous occasions requested the defendant to turn the money he was holding over to her but he refused to do so.

It is also alleged that the trustee has made an unprofitable investment of the funds in that he has paid only 2%, the amount allowed by the bank of which he, the trustee, was cashier.

It is alleged that the defendant has been derelict in his duties and should be removed, that the attempted appointment of the defendant was made in a statutory action for divorce and alimony and that in such action the Common Pleas Court had no equitable jurisdiction and that the attempted appointment of defendant as trustee was an attempted exercise of general equity jurisdiction and that such action in the divorce case was illegal, void ab initio and of no effect in law and was made entirely without the knowledge or approval of the plaintiff and contrary to the representations made by the defendant trustee.

The prayer of the petition is that Andrew J. Hiestand be removed as trustee for plaintiff and that the previous orders of the court entered in each of the divorce cases be vacated insomuch as the order in said cases attempted the creation of a trust appointing Hiestand, defendant, as trustee for plaintiff herein; that said alleged trust be ordered terminated and that Hiestand be ordered to account for and surrender to the plaintiff all funds in his possession as her alleged trustee and that she be awarded judgment against Hiestand in the sum of $14,000.00 at 6% interest.

An answer was filed by Andrew J. Hiestand admitting certain matters and denying others and making allegations supporting the authority of the court in

appointing him as trustee. He also seeks to avoid the provisions of the statute as to the investment of the trust fund by showing that government bonds were then producing an income of less than 2%.

Upon application of the defendant, the court at its recent sitting in Preble County permitted the stenographer to introduce her notes touching the decision made by Judge Risinger in this matter on September 3, 1932. This was opposed by plaintiff on the theory that the case had been tried and evidence submitted and after this court had refused to entertain jurisdiction and the Supreme Court had reversed this order of the Court of Appeals, that the case was remanded back to proceed from the point where the error occurred.

We have read the decision of Judge Risinger, drawn with his usual care, and find that he gave definite consideration to the claim that the widow was not competent to take care of the $15,000.00 that he was then awarding, inasmuch as $10,000.00 had come into her hands under the first divorce order and that she had spent or possibly dissipated the same. The decision relates in detail the married life of the two parties and their ability to make money and he comments to the effect that Mrs. Mosey is a woman of intelligence but had never had any business experience in the handling of money and that it ought to be conserved in some way so that what the court allows her may be so kept that it will be for her protection during her life and better for the family; that if the court should give her all that she is entitled to in money she would be beset by importunities of her children and might by some improper investment lose the fund.

It was suggested in the colloquy between Judge Risinger and counsel that a certain portion of the amount to be allowed should be irreducible, not to be decreased, but there ought to be another fund elastic because she might have some misfortune. Mrs. Mosey was in the court room and expressed her approval of this arrangement, not only with enthusiasm but with repeated thanks to the court. Mr. Dye, her attorney stated he wanted to be sure that she understood the statements of the court as she was the one that was to be affected and she expressed approval of holding a part of the fund in trust. The Court remarked,

"When you formulate your entry we will fix the amount that shall be an irreducible amount; and the other as her needs may require. Mr. Hiestand would you accept this trusteeship?

Mr. Hiestand: Only on the request of the beneficiary.

The Court: What does Mrs. Mosey think about that?

Mrs. Mosey: Yes, sir; it is I thank you very much Mr. Hiestand."

Mr. Dye, attorney for Mrs. Mosey, did not then object to the appointment of the trustee nor to the holding of any of this money in trust. Mr. Dye stated,

"Mrs. Mosey doesn't want to be unreasonable and she thinks $15,000 would be reasonable and she wants to conserve it and she feels that the judgment of the court in that matter is very just and equitable and she concurs in everything that has been said by the Court and Mr. Hiestand."

The attack made at this time is upon the authority of the Court in a divorce case establishing a trust fund for the conservation of the amount allowed to the plaintiff and the prayer is that, due to the lack of authority of the Court to make such an order, the trustee be dismissed and that he be charged with 6% interest upon the fund which was in his possession.

It is only our respect for Judge Risinger's view and our knowledge that his purpose was to conserve the fund for the best interest of the plaintiff herein that we concur in the wisdom or justice of appointing a trustee who would control the fund under the order of the Court. If Mrs. Mosey was a spendthrift or had any of the disqualifications which permitted the appointment of a guardian, that course

should have been followed. It must not be forgotten that she was the wife who brought an action against a derelict husband which resulted in the allowance of certain real estate, together with $25,000.00 in cash. We discover no other reason why any of this money should be placed in trust to be doled out to the widow and conserved so that her children might participate in it upon her death. The money belonged to her by virtue of the fact that she was the aggrieved wife. Any allowances made for the children should have been made by another order of the Court granting support to the children.

It appears that every person connected with the estate, parties, attorneys and the court, all agreed at the time the order was made in 1932 that it was for the best interest of Mrs. Mosey that the sum of $14,000.00 be held in trust in accordance with the order of the Court. In the nearly ten years that have passed, conditions have changed. All the children are now of age and all join in the prayer of their Mother's petition thereby releasing any claim that they may have had to the trust fund. Mrs. Mosey has reached the age when she should be able to conserve her cash without being imposed upon, either by her children or strangers. However this may be, the Court is not a general guardian to protect the gullible from overreaching opportunists. If one is in the position to be imposed upon the Probate Court is the proper court to appoint the guardian.

We are not, however, of the opinion that Mrs. Mosey was in ignorance of the order of the court appointing the trustee and we are not of the opinion that, as alleged in the petition, there was any fraud practiced upon her either by the trustee or any other. It was an order of the court made in good faith concurred in by all parties for the protection of a fund of a woman supposedly easily imposed upon.

The entry from which an appeal is had to this court is of considerable length, the court finding, among other things, that the order of the court with respect to the terms and conditions of said trust, including orders and directions to the trustee, are final and conclusive as to the conditions existing on August 23, 1938 and the motion of the plaintiff for modification of the order, as therein set out, is overruled. The court finds that the plaintiff has failed to show any dereliction or failure on the part of the trustee to comply with the terms and conditions of the trust or that the trustee failed to heed plaintiff's request for additional funds; that the court should fix and determine an amount to be paid out of the corpus of said trust in addition to the income and the court fixed same at the sum of $600.00 per year and that "in all other respects the former order of the court should remain in full force and effect concerning all matters relative to payment or payments ordered made out of said trust fund by the decree of August 26, 1938." This entry was filed on January 3, 1940. A motion for new trial was filed and overruled.

This case has given us considerable trouble for the reason that it is anomalous, the exact situation not being discussed either by statutory provisions or decisions of the court. We must realize that this action, while based on divorce and alimony to be paid out of the husband's estate, is no longer a matter of controversy between husband and wife to be modified by the court in the interest of either party to the original action. The defendant husband was long since dead at the time of the filing of the original entry and of the entry of January 3, 1940. The matter relates solely to the right of the court to exercise any jurisdiction in fixing the method in which the fund allowed to the plaintiff was to be distributed to her or preserved through a trustee for her future protection and use and upon her death upon the distribution to her children and in certain events to her grandchildren.

In reading the cases cited it will be found that the controversy presented in them is largely in reference to the modification of an alimony allowance Some of the cases refer to alimony allowed in a divorce proceeding and oth-

ers to alimony allowed where the petition sought only alimony without divorce.

A reference to the statutes may be of value. Sec. 11990 GC provides for divorce on the aggression of the husband, which was the situation in this case. The court has authority to allow such alimony as it deems reasonable having due regard to the value of the husband's real and personal estate.

Sec. 11991 GC under the heading "Alimony in Such Cases" provides,

"Such alimony may be allowed in real or personal property or by decreeing to her such sum of money, **payable either in gross or installments as the court deems equitable.**"

Sec. 11998 GC covers the provisions for proceedings on petition for alimony alone and provides that the court may allow such alimony out of the husband's property which is equitable which may be allowed to her in real or personal property or both or in money, **payable either in gross or by installments.**

Sec. 11999 GC provides that such judgment shall restore to the wife all her lands, etc., free from the control or interference of her husband, unless the court for good cause **vests such property or powers in trustees for her use and benefit.**

These sections are probably not of value except to show that the court, under certain conditions, has the right to vest the property allotted to the wife in a trustee appointed by the court. To this extent the statutes recognize the power of the court to conserve the estate allowed to the wife through the instrumentality of a trustee. Such a right existing in the court contemplates the right to change the order of the court whenever the same seems to be just.

The judge, Hon. D. F. Mills, delivering the opinion of the court and signing the entry was a non-resident of Preble County. His opinion is very exhaustive and interesting and cites cases which we will not comment on in particular, none of which directly relate to a case where the wife seeks a modification of the alimony decree after the death of the husband.

**Julier v Julier, 62 Oh St 90,** is of some value holding as it does in the sixth syllabus that a client who has accepted and retains the fruits of a judgment taken by his attorney of record cannot, as against the defendant therein, in the absence of fraud or collusion, plead ignorance of its provisions, nor dispute the authority of his attorney to have it so entered.

**DeWitt v DeWitt, 67 Oh St 340,** holds that under the section then extant, it was error for the court having granted the wife a divorce for the aggression of the husband and having awarded alimony payable in money, to attach to the payment of such alimony certain conditions favorable to the husband in reference to her property.

**Marleau v Marleau, 95 Oh St 162,** holds that a proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective. In this case the petition prayed for alimony without reference to divorce.

**Durham v Durham, 104 Oh St 7,** holds that upon the petition of the wife for "alimony alone" the trial court is not authorized to make an equitable division of the husband's property, but is confined by §11998 GC to making an award as alimony for her maintenance and support during separation.

**Breisach v Breisach, 37 Oh Ap 34,** holds that in a divorce case the trial court has wide discretion in providing for the care and maintainence of children, but the order must be just; that one appointed by the court to receive, as trustee, money for support of children shall be a **representative of the court.** This was an action for divorce and alimony and seems to recognize the power of the court to appoint a trustee for **money for the support of children.** Such a holding may touch upon the question in the instant case in that when the original order was

made nearly ten years ago there were three minor children. However the court in addition to the original allowance of $10,000.00 to the widow had allowed a sum to be paid for the support of the children in the original divorce action.

In **McQuain v McQuain, 55 Oh Ap 505**, it was held that in a simple action for divorce, alimony and injunctive relief, authorized by the statute, the equity powers of the court are not invoked and the appointment of a receiver to take charge of the property of the litigants is not authorized. This is an interesting case and the principles announced approach the question here in controversy.

The opinion of Judge Mills is very carefully prepared, reciting in detail all the facts and alluding to a prior order made by Judge Gilmore in 1938, holding the entry to be a final order. Judge Mills in that entry allowed an additional payment out of the corpus in the sum of $600.00 basing his order upon the testimony of some of the children and the request of all the adult children that the total amount be paid to the plaintiff, the court states that it feels justified in making a more liberal allowance as an inducement to avoid the expense, worry and trouble the widow has and will continue to incur by an almost continuous litigation. In all other respects Judge Mills holds that the former order of the court should be in full force and effect.

The assignment of errors filed in this court contains seven different specifications, which may be blended into a single one, to the effect that the decision of the court is contrary to law and the evidence and against the same and for other errors and that the court erred in overruling the motion for a new trial and to vacate and modify the decree and in overruling appellant's motion for allowance of $2500.00 pending the final decision of the court.

This court can not escape the conclusion that at the time of the application for an increase of alimony before Judge Risinger in 1932 that the court had the right to safeguard the funds, subject always to the further control of the court and that his action in appointing a trustee was not beyond his authority under the facts then existing, to-wit, the prior death of the husband and the discovery of unknown assets. The court, however, is of the opinion that justice requires that the control of the money by a trustee should be terminated and that the trustee should account for and pay over to plaintiff the moneys now in his hands.

Another point at issue is whether the trustee should be required to pay the statutory rate of interest in that he held the money without authority of the court. We do not agree with this. The court gave to the trustee plenary power to invest the money for the welfare of the widow. It is perhaps unfortunate that being the cashier of a bank, he deposited the money in the bank and gave to the widow the lowest rate of interest payable on savings accounts. However, he advised the court in the filing of his several accounts of the fact and no objection was made by the widow as to the rate of interest until it had been paid over a number of years. The court, upon hearing, granted the widow the $600.00 a year extra. We, therefore, are not disposed to penalize the trustee with a higher rate of interest than that produced by the investment that he was authorized to make under the order of the court.

The argument is made that the children have some interest in the preservation of the fund. As we have before said, we do not think the children have any such interest and if they have, they have each released it by the answer.

It will be noted that the plaintiff in her petition alleges that the trusteeship should be terminated because of the fraud practiced upon her at the time the appointment was made and because of the inadequacy of the support that she receives from it and that she has not received from the trustee money sufficient for her comfort and support.

The prayer is that the order in both cases be vacated inasmuch as they at-

tempted the creation of the appointment of a trustee and that "said alleged trust be ordered terminated and that Hiestand be ordered to account".

We do not find that there has been any attempt to impose upon or deceive Mrs. Mosey in the appointment of the trustee and we do not find that the trustee has committed any acts which would subject him to criticism. We regret that he has found it necessary to confine the income to the low rate of interest paid on savings accounts in the bank in which he is cashier. The statute provides methods of investment which would bring in much greater returns.

We are of the opinion that whatever may have been the condition of matters in 1932, there is no reason why this trust should be further continued. We have some doubt as to whether the allegations of the petition for the removal of the trustee make an issue upon the point upon which we now decide the question, to-wit, that there is no occasion for the further continuance of this trust and that Mrs. Mosey is entitled to her money and that the children have all released any claim they have to it. We cannot endorse the locking up of funds that clearly belong to an individual simply out of an abundance of caution. If the allegations of the petition are not sufficient to cover this ground, upon which we base our decision, the petition may be amended at bar stating that matter as a cause for the removal of the trustee. The other assignments of error are overruled.

The order of the court will be that the trustee be required to account and pay over to Mrs. Mosey the $14,000.00 that he now has in hand, less that portion thereof that has been paid to her under the former order of the court to allow her $50.00 per month.

Judgment accordingly.

BARNES and HORNBECK, JJ., concur.

## APPLICATION FOR REHEARING

No 101.   Decided Jan 23, 1942

BY THE COURT:

This matter is before this Court upon application for rehearing submitted by counsel for plaintiff-appellant.

We have carefully studied counsel's brief and are frank to say that it presents interesting questions. It is based upon the view that the original action being for divorce and alimony that the Court had no equity jurisdiction permitting him to appoint a trustee or custodian to care for the fund. The cases that counsel cite are specifically confined to applications for alimony and we believe can be distinguished from the action of Judge Risinger.

At the time the order was made the defendant in the case was dead. The fund sought by her as an increase to her alimony was in the hands of an administrator of her deceased ex-husband who was bound to distribute the same to the next of kin of the decedent unless it was appropriated for the benefit of the widow.

A fund was in the possession of the administrator of the deceased husband, a part of which the court awarded to the widow as increased alimony. The Court found that under the particular circumstances it would be dangerous to intrust this fund to the widow and with her consent and acquiescence, not only then but for a period of years, it was held in the custody of the defendant, Hiestand. Its preservation called for a custodian who would hold it under the order of the Court. What else could the Court do if, in his judgment, it was inadvisable to intrust the fund to the widow? He might possibly have reposed it in the custody of the Clerk, but that would have made no difference in the result. The Court did the common sense thing by securing it for the future use of the widow.

All the arguments advanced by counsel in his application for rehearing were advanced and considered in the

original opinion and in that opinion all the cases now cited by counsel were considered.

The Court hopes that an effort upon the part of counsel will be made to secure a speedy settlement of the matters involved in this case. It would be unfortunate if, on account of controversies which are not necessary to the determination of the main question, the widow, who is entitled to her money, be further deprived of its prompt payment.

Application for rehearing denied.

GEIGER. PJ., BARNES & HORNBECK, JJ., concur.