[L. A. No. 19671.   In Bank.   Mar. 21, 1947.]

MURIEL G. BOWMAN, Respondent, v. HARRY P. BOWMAN, Appellant.

Vincent Scott for Appellant.

Nicholas & Davis and Harry R. Roberts for Respondent.

TRAYNOR, J.—These appeals are from an order of the superior court restoring certain provisions previously struck from an interlocutory decree of divorce and from a final judgment of divorce containing the restored provisions. Plaintiff brought an action for divorce on April 13, 1944, requesting support for her child. She also alleged that the parties were indebted to a credit union and owed money secured by a mortgage on a house and lot formerly owned by them as joint tenants, which became the separate property of plaintiff by a quitclaim deed executed by the defendant before the divorce action. Plaintiff requested that defendant be required to pay these debts and also that the community property, amounting to about $1,000, be distributed. Defendant, an attorney, was personally served with process but his default was entered on May 17, 1944.

Plaintiff stated at the trial that she did not seek alimony for herself, but that she wished defendant to pay the foregoing debts. The interlocutory judgment of divorce, providing for the distribution of the community property, was granted. The trial court granted custody of the child to plaintiff and then ordered:

"3. That the defendant pay to the Court Trustee, for the benefit of plaintiff and said minor child, the following amounts each month, to-wit:

"(a) The sum of $50.00 payable $25.00 on the first day of the month, and $25.00 on the fifteenth day of the month, for the support of said minor child, Donald Michael Bowman;

"(b) The sum of $54.05 on the first day of each month for payment to Syndicate Mortgage Company to be applied on the mortgage on the home place of the parties, until said Loan shall have been paid in full;

"(c) The sum of $43.00 on the first day of each month for payment to Los Angeles Teachers Credit Union to be applied on the promissory note payable to said Teachers Credit Union until it has been paid in full."

Defendant did not appeal from this judgment. Within six months after it was entered, but not within six months after the entry of the default, he made a motion to open, vacate or modify the judgment. This motion was granted to the extent that the words "for the benefit of plaintiff and said minor child" were struck from the decree. Plaintiff did not appeal from this modification but later made a motion requesting the restoration of the words struck from the interlocutory decree. This motion was granted and the final judgment of divorce was entered in the same words as the interlocutory decree.

The payments in question are declared to be for the benefit of plaintiff and her child and, since they will serve to provide them with the unobstructed use of their home and household furniture, they must be regarded as provisions for support and maintenance. ■ The amount of support that the husband must pay is within the discretion of the trial court (*Scheibe* v. *Scheibe,* 57 Cal.App.2d 336, 343 [134 P.2d 835]) and the court, in making the award, must consider the circumstances of the parties, the needs of the wife and the ability of the husband to pay. (Civ. Code, § 139.) ■ Defendant contends, however, that the provisions ordering installment payments are void because the payments are to be made to the court trustee. He relies upon cases declaring that orders for payment to a person not a party to the action are beyond the jurisdiction of the court. (*Keck* v. *Keck,* 219 Cal. 316, 322 [18 P.2d 338]; *Stevens* v. *Stevens,* 215 Cal. 702, 704 [12 P.2d 432]; *Samter* v. *Klopstock Realty Co.,* 31 Cal.App.2d 532, 535 [88 P.2d 250]; *Overell* v. *Overell,* 18 Cal.App.2d 499, 502 [64 P.2d 483].) The court trustee, however, was not an agent of the creditors but a trustee for plaintiff and her minor child. (*Bohnert* v. *Bohnert,* 91 Cal. 428, 432 [27 P. 732].) The sums to be paid to the court trustee were determined by the amounts of the debt installments and are to be paid until the debts are satisfied. Support normally should be paid directly to the wife (*Nathan* v. *Nathan,* 102 Neb. 59 [165 N.W. 955]; *Blair* v. *Blair,* 40 Utah 306 [121 P. 19, Ann.Cas. 1914D 989, 38 L.R.A.N.S. 269]; see 2 Nelson on Divorce, § 14.69), but the trial court may order the sums paid to a trustee for the benefit of the wife. (*Nemecheck* v. *Nemecheck,* 250 Mich. 641 [231 N.W. 82]; *Yost* v. *Yost,* 143 Neb. 80 [8 N.W.2d 686]; *Mosey* v. *Hiestand,* [Ohio App.] 42 N.E.2d 186; see 2 Nelson on Divorce, § 14.69.) ■ The court directed

the trustee to apply the sums to the payment of the debts, thereby restricting plaintiff in the use thereof, but she did not appeal and defendant cannot show that he is injured by the restriction. (*Bohnert* v. *Bohnert, supra* at 432.) Defendant is liable for the debts as well as plaintiff and the appointment of a trustee, with directions, constituted a benefit to him also, since he was thereby assured that the payments would be made to the creditors and not otherwise disposed of by plaintiff.

Defendant contends that the parts of the interlocutory decree requiring alimony payments to the trustee are void because plaintiff did not request alimony in her prayer. Plaintiff clearly stated in her complaint that she and defendant were liable for certain debts and in her prayer she requested that defendant be ordered to pay them. Although this was not a formal prayer for alimony, it was manifestly a request for relief that would give her and her child the unobstructed use of the home and household furniture. Plaintiff did not wish ordinary support for herself but she wanted the debts paid. In the absence of agreement or sufficient community property, it was necessary to award her alimony in order to give her the required relief. The complaint was sufficient notice to defendant that plaintiff might be granted this relief. Plaintiff need not rely solely upon the sufficiency of her complaint and prayer, however, since it is established that if the relief in excess of prayer is alimony, the judgment, although erroneous, is not void. (*Parker* v. *Parker,* 203 Cal. 787, 792 [266 P. 283]; *Cohen* v. *Cohen,* 150 Cal. 99, 102 [88 P. 267, 11 Ann.Cas. 520].)

Defendant contends that he properly attacked the interlocutory judgment on the ground that the judgment exceeded the relief prayed for and that he was given relief under section 473 of the Code of Civil Procedure, which is now final, since plaintiff did not appeal. Defendant gave notice of a motion to "Open, vacate or modify the default judgment or default" within six months after the entry of the judgment, but not within six months after the entry of the default. He stated therein that the judgment had been taken against him by mistake, inadvertence, surprise or excusable neglect and, further, that the decree was erroneous insofar as it awarded alimony unsupported by appropriate allegations in plaintiff's complaint and prayer. In his affidavit of merits, defendant stated that plaintiff and her attorney had misled him and also

that, in defaulting, he had relied upon section 580 of the Code of Civil Procedure, believing that no alimony would be awarded so long as none had been requested. Upon the hearing of the motion, both parties being represented, the trial court ordered ". . . Motion is granted in part as follows: the words 'for the benefit of plaintiff and said minor child' . . . are stricken. Motion is otherwise denied." The trial court did not, however, disturb that part of the decree ordering defendant to pay the installments to the court trustee. Thus, the trial court attempted to change a part of the decree so that instead of awarding alimony it provided for payments to the court trustee, apparently as part of a division of property. This change amounted to an amendment of the judgment in order to correct a supposed error of law.

■ The trial court could not relieve defendant from the entry of the default because the motion under section 473 was not made within six months after the entry of default. (*Phillips* v. *Trusheim*, 25 Cal.2d 913, 917 [156 P.2d 25]; *Hunt, Mirk & Co., Inc.* v. *Hesperides Mining Co.*, 200 Cal. 382, 384 [253 P. 317]; *Title Ins. & T. Co.* v. *King etc. Co.*, 162 Cal. 44, 46 [120 P. 1066].) ■ Defendant states, however, that he was not attacking the entry of default, but was seeking a modification of the judgment to make it correspond to the relief requested by plaintiff in her complaint. Defendant concedes that the interlocutory judgment was rendered precisely as intended by the trial judge. The modification of the judgment, therefore, cannot be based upon the power of the trial court, under section 473 or independent of it, to correct clerical errors made either by the clerk or by the court. (*Bastajian* v. *Brown*, 19 Cal.2d 209, 214 [120 P.2d 9].)

■ Section 473 also provides that a trial court may relieve a party from "a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. . . ." The purpose of this provision, however, is to enable trial courts to set aside the judgment, order or proceeding in order to allow the party to proceed on the merits rather than to allow him to be defeated by a determination or proceeding caused by his mistake, inadvertence, surprise or excusable neglect. (*Riskin* v. *Towers*, 24 Cal.2d 274, 279 [148 P.2d 611, 153 A.L.R. 442]; *Estate of Simmons*, 168 Cal. 390, 396 [143 P. 697].) The trial court in the present case did not attempt to vacate the judgment on the ground

of surprise or inadvertence, but attempted to grant defendant's request by modifying the interlocutory judgment to correct the supposed error of law. ▮ Trial courts can modify or amend their judgments only as prescribed by statute and the summary modification of judgments to correct errors of law is not authorized by section 473. The purported change in the interlocutory judgment was therefore void. (*Stevens* v. *Superior Court,* 7 Cal.2d 110, 112, 114 [59 P.2d 988]; *Lankton* v. *Superior Court,* 5 Cal.2d 694, 696 [55 P.2d 1170]; *Estate of Potter,* 141 Cal. 424, 426 [75 P. 850]; *First Nat. Bank* v. *Dusy,* 110 Cal. 69, 78 [42 P. 476]; *Felton Chemical Co.* v. *Superior Court,* 33 Cal.App.2d 622, 628 [92 P.2d 684]; see *Glougie* v. *Glougie,* 174 Cal. 126, 130 [162 P. 118]; *O'Brien* v. *O'Brien,* 124 Cal. 422, 426 [57 P. 225]; *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615, 617 [36 P. 928].)

Defendant contends that even if a court is without authority to amend its judgment to correct errors of law, it has continuing jurisdiction, under section 139 of the Civil Code, to modify its support decrees. ▮ It is no longer seriously questioned that a trial court has power to terminate payments of support and maintenance in a proper case and upon a proper showing. (*McClure* v. *McClure,* 4 Cal.2d 356, 360 [49 P.2d 584, 100 A.L.R. 1257].) ▮ In the present case, defendant's notice of motion was based upon the two grounds mentioned above, i. e., surprise and relief in excess of prayer. The notice of motion was accompanied by defendant's affidavit, a proposed answer and an affidavit executed by his attorney. Defendant's affidavit stated facts showing surprise and alleged that the relief afforded plaintiff was contrary to section 580 of the Code of Civil Procedure. He alleged further that his attorney had advised him that he had a valid and substantial defense to the action. His attorney's affidavit was entitled "Affidavit Supporting Motion To Vacate Judgment." The trial court, upon the hearing of the motion, ordered the words "for the benefit of plaintiff and said minor child" struck from the interlocutory decree, but did not disturb that part of the decree ordering defendant to pay the installments to the court trustee. (*McClure* v. *McClure, supra* at 360.) The trial court apparently attempted to convert a judgment for alimony into a division of property. There is nothing in the record to indicate that the trial judge made his decision after considering the circumstances of the parties. In fact, the order of the court purports to retain, in the inter-

locutory decree, that part requiring defendant to pay the contested sums. The court decided merely that it would be erroneous to require him to pay the sums as support and maintenance. It is clear that the trial court made an attempt to rectify a supposed error of law on summary motion procedure not allowed by statute. (*Lankton* v. *Superior Court, supra* at 596; *Stevens* v. *Superior Court, supra* at 113; *Holtum* v. *Grief,* 144 Cal. 521, at 526 [78 P. 11].)

Subsequent to the purported amendment of the interlocutory judgment, plaintiff gave notice of a motion to restore the judgment to its original form. Upon hearing, the trial court ordered that the interlocutory decree be restored to its original form, and the final judgment of divorce was then entered in the words of the original interlocutory judgment of divorce. It is from this order and judgment that defendant appealed. The trial court was correct in entering the final judgment in accord with the language of the interlocutory decree since the purported modification of that decree was without authority.

The order appealed from and the final judgment of divorce are affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.

Schauer, J., did not participate herein.