LYTLE v. LYTLE.

1. DIVORCE—CONSTRUCTION OF DECREE—ALIMONY.
   Finding of trial judge that provisions of so-called property settlement agreement, included in decree of divorce under heading "alimony" and providing for weekly payments of $200 for first 5 years following divorce and $100 weekly for next 5 years or until wife remarried was for alimony *held*, proper under record presented on appeal from order modifying decree with respect to time alimony payments were to be made.

2. SAME—ALIMONY—MODIFICATION OF DECREE.
   A trial court has power to modify alimony provisions of a decree for divorce.

3. SAME—ALIMONY—MODIFICATION OF DECREE—CONTEMPT.
   The showing by husband of his changed financial circumstances *held*, sufficient to justify trial court's modification of decree of divorce as to time when alimony should be paid without cancellation of the obligation to repay it, further modification being accorded by Supreme Court by staying trial court's order of contempt, where it appears the husband was awarded custody of their 2 children, both parties have remarried and wife has not shown she is now in need of the payments she seeks to have defendant compelled to make.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  17A Am Jur, Divorce and Separation § 904 *et seq.*
[2]  17 Am Jur, Divorce and Separation § 729.
[3]  17 Am Jur, Divorce and Separation § 742 *et seq.*

4. SAME—COSTS—ALIMONY—MODIFICATION OF DECREE—CONTEMPT.
   No costs are allowed on appeal from order modifying, decree
   of divorce as to alimony, where defendant husband's change
   of circumstances justifies additional relief to that accorded
   by the trial court by staying of contempt proceeding.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 7, 1959. (Docket No. 26, Calendar No. 47,880.) Decided November 24, 1959.

Bill by Ellen E. Lytle against Robert J. Lytle resulted in decree of divorce with provision for alimony based on property settlement agreement. Petition by plaintiff to enforce payment and petition by defendant to modify. Order determining arrears and directing instalment payments. Defendant appeals. Modified and affirmed.

*Davis & Thorburn,* for plaintiff.

*Philip E. Rowston,* for defendant.

CARR, J. This case involves the interpretation and modification of certain provisions of a divorce decree. Said decree was entered on November 29, 1954, in a suit brought by the plaintiff. Defendant filed answer and cross-bill. Prior to the hearing the parties entered into a "property settlement agreement" that the decree should provide under the designation "alimony" that defendant pay to plaintiff on December 6, 1954, and each week thereafter, the sum of $200, for a period of 5 years, and thereafter the payments should be reduced to $100 per week. It was further stipulated that if the plaintiff remarried during the 5-year period following the granting of the decree, the payments should be reduced during the balance of said period to the sum of $100 per week; and that if plaintiff remarried after the expiration of

the said 5-year period, payments should be terminated. The agreement was offered in evidence on the hearing of the cause and incorporated into the decree under the heading of "alimony," in accordance with Court Rule No 51, § 5 (1945).* Pursuant to the agreement it was further ordered that defendant should pay to plaintiff the sum of $7,500 by way of property settlement.

Defendant made the payments as required until March 28, 1957, on which date plaintiff remarried. It is conceded that defendant was not in default at that time. Further payments were not made and plaintiff, under date of October 7, 1957, petitioned the court for the issuance of an order directed to defendant requiring him to show cause why he should not be adjudged guilty of contempt. Such order was issued as requested. Defendant filed answer to the petition, asserting that the provision of the decree with reference to periodic payments, as agreed to by the parties, was actually in the nature of a property settlement rather than a requirement for the payment of alimony.

Defendant also filed a petition asking that if the court determined that the provision of the decree in question was an award of alimony, it should be stricken and defendant relieved of further obligation on the ground that his financial circumstances had materially changed following the granting of the divorce. Specifically it was alleged by defendant that his income had materially decreased, that a manufacturing company of which he was the president and principal stockholder had no profits for the prior 2 years and, in fact, had suffered a deficit in excess of $500,000, that the bid value of the stock had declined from $4 per share to 12-1/2¢ per share, and that as

---

* See amendment, 335 Mich xliii.—Reporter.

a result substantial cuts had been made in his salary. It was also alleged that defendant was indebted personally in excess of $40,000, that he had remarried, and that he was caring for the 2 children the custody of whom was awarded to him by the decree. It was further asserted that plaintiff's then husband was of sufficient earning power to support plaintiff, which allegation was not denied by the latter in her answer to defendant's petition.

Following a hearing at which defendant testified at some length in his own behalf the trial judge, after referring specifically to the property settlement agreement and to the decree, concluded that the provisions with reference to periodic payments in fact contemplated alimony and therefore were subject to modification. With reference to defendant's claim that because of his changed financial condition payments that had accrued should be canceled and the obligation to make future payments terminated, the following statement from the opinion filed indicates the factual findings of the trial judge and his conclusions as to the extent to which relief should be granted to defendant.

"At the time of the decree the defendant was president of Modern Homes, Inc., doing business in 30 States. The corporation is now in receivership. In 1954 defendant made $45,000 net and was worth some $150,000. Defendant on date of hearing had uncertain earnings, cash of $300, and owed about $50,000. Defendant is remarried and supports the 2 children of the parties hereto. The court believes that this man's earnings and fortunes are down only temporarily and that said back alimony due the wife since her marriage should not be canceled but that the total amount that the defendant is obligated to pay under the decree (from the date of wife's remarriage until said alimony ceases in accordance with the specific terms of the decree) should be paid

at a rate of *not less than* $25 per week, commencing with the entry of an order which will implement this opinion. The foregoing is conditioned upon the further proviso that all of said alimony due and to become due under the decree shall be paid within a period of 5 years."

An order was entered in accordance with the opinion, adjudging that the provisions of the property settlement and the divorce decree with reference to periodic payments by defendant to plaintiff should be construed as imposing an obligation to pay alimony and were not by way of property settlement. Defendant was adjudged guilty of contempt for his failure to make such payments, and it was ordered that the amount due and to become due in the future under the decree, which amount was fixed at the sum of $14,000, should be paid in instalments of not less than $25 per week beginning on June 2, 1958, the total amount to be paid within a period of 5 years. From said order defendant has appealed, alleging that the trial court was in error in holding that the paragraph of the divorce decree in question provided for the payment of alimony, and, further, that if so interpreted the decree should have been modified in view of the undisputed testimony as to defendant's financial condition, at the time of the hearing, by canceling accrued payments and terminating future obligation.

It is obvious from the language of the property settlement that the parties considered that the periodic payments specified therein should be by way of alimony rather than as constituting a part of a property settlement. It is significant in this regard that the parties inserted a provision in their agreement that neither would seek a modification of said provision. Each was represented by counsel and presumably was advised as to the legal aspects of the

problems involved. The agreement was obviously construed by the trial judge in accordance with the language used therein, which was in substance incorporated in the decree. We are in accord with the finding of the trial judge in this respect. *Kyte* v. *Kyte,* 325 Mich 149, and prior decisions there cited.

The power of the court to modify alimony provisions of a decree of divorce is not questioned. It may be presumed in the instant case that the agreement of the parties was executed in the light of the situation existing at the time. It is undisputed that defendant's financial condition has changed materially, that his earnings have decreased, and the value of his property at the time of the hearing in circuit court had so depreciated as to render him insolvent in view of the amount of his indebtedness as found by the trial court. It will be noted also that he has been and is supporting the children of the parties, custody of whom was given him by the decree. No claim is made on behalf of plaintiff that she is now in need of the payments that she seeks to compel defendant to make for her support.

It is quite possible that defendant's financial condition, as shown by the proofs at the hearing on plaintiff's petition and defendant's counter-petition, will improve. We note the opinion of the trial judge in this respect, but the record before us furnishes no assurance of any immediate change for the better. Viewing all aspects of the situation, we conclude that, at this time, the accrued alimony should not be canceled and the obligation as to future payments terminated. In this respect we are in accord with the finding of the trial judge. Such matter may be left to future determination. We think, however, that defendant is entitled to a greater measure of relief than the order entered by the circuit judge extends to him. Under the proofs and the fair inferences to

be drawn therefrom we conclude that the order should recognize defendant's obligation but hold in abeyance the making of periodic payments pending further proofs as to the situation of the respective parties, subject to the express provision that either may seek a further hearing or the trial judge may order such on his own motion. In the meantime further action in the contempt proceeding should be stayed.

The cause will be remanded to the circuit court for entry of an order in accordance herewith. No costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, ED-WARDS, VOELKER, and KAVANAGH, JJ., concurred.