Ellen E. Wyatt v. Commissioner.
Wyatt v. Commissioner
Docket No. 84429.
United States Tax Court
T.C. Memo 1962-120; 1962 Tax Ct. Memo LEXIS 192; 21 T.C.M. (CCH) 638; T.C.M. (RIA) 62120; May 18, 1962
James F. Shea, Esq., Guardian Bldg., Detroit, Mich., for the petitioner. Ralph W. Eisnaugle, Jr., Esq., for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1955 and 1956 in the amounts of $1,696 and $1,466.40, respectively. Petitioner concedes the correctness of respondent's action in disallowing a claimed capital loss deduction of $1,640 for the year 1955. The only contested issue is whether or not the respondent erred in treating as periodic payments of alimony *193 the total amounts received by petitioner from her former husband. The case was submitted on a stipulation of facts and exhibits which are adopted as our findings of fact. The petitioner's residence is in Henderson, Kentucky. During the years 1955 and 1956 petitioner was a resident of the State of Michigan and filed her individual Federal income tax returns for said years with the district director of internal revenue, Detroit, Michigan. Petitioner was formerly the wife of Robert J. Lytle, hereinafter referred to as Robert, whom she had married on November 18, 1942. On August 21, 1954, petitioner filed a Bill of Complaint in Chancery in the Circuit Court for the County of Oakland, State of Michigan, No. D-31514, whereby she sought a divorce from Robert. On November 29, 1954, petitioner and Robert entered into an agreement entitled "PROPERTY SETTLEMENT AGREEMENT." The agreement recited, inter alia, that the petitioner was to receive all of the household goods, furniture and furnishings; that Robert was to receive the family residence and that each party could retain all personal clothing, jewelry and other personal effects of a like nature. In so far as is here important, the *194 agreement provided: 4. That the defendant, Robert J. Lytle, shall pay forthwith to the plaintiff, Ellen E. Lytle, the sum of Seventy-five ($7500.00) Hundred Dollars and by execution of this agreement the plaintiff, Ellen E. Lytle, acknowledges receipt thereof. 5. The parties hereto agree that the defendant, Robert J. Lytle, shall pay to the plaintiff, Ellen E. Lytle, in addition to other sums herein payable, certain periodic payments to be provided for in the divorce decree under the entitlement "ALIMONY" and to be in the following form: "ALIMONY. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Robert J. Lytle, shall pay to the plaintiff, Ellen E. Lytle, on December 6, 1954, and on each and every Monday thereafter the sum of Two Hundred Dollars ($200.00) subject to the following terms, conditions and limitations: (a) Five (5) full years from and after December 6, 1954, the weekly sum of Two Hundred ($200.00) Dollars paid by the defendant, Robert J. Lytle, to the plaintiff, Ellen E. Lytle, shall be reduced to the sum of One Hundred ($100.00) Dollars, payable on each of said Mondays thereafter. (b) Upon the remarriage of the plaintiff, Ellen E. Lytle, during *195 said full five (5) year period from and after December 5, 1954, payments made by the defendant, Robert J. Lytle, to the plaintiff, Ellen E. Lytle, shall be reduced to the sum of One Hundred ($100.00) Dollars payable on each of said Mondays thereafter. (c) Upon the remarriage of the plaintiff, Ellen E. Lytle, subsequent to the full five (5) year period beginning December 5, 1954, payments payable on each of said Mondays shall be terminated and the defendant, Robert J. Lytle, shall make no further payments of any amount whatsoever. 6. The defendant, Robert J. Lytle, further agrees that he will not at any time petition the Circuit Court for the County of Oakland for a decrease in the amount of periodic payments called for in the paragraph of the divorce decree entitled "Alimony" and the plaintiff, Ellen E. Lytle, further agrees that she will not at any time petition the Circuit Court for the County of Oakland for an increase in the periodic payments called for in the paragraph of the divorce decree entitled "Alimony". On the same day that the petitioner and Robert entered into the property settlement agreement, i.e., November 29, 1954, a decree of divorce from the bonds of matrimony *196 was entered by the Circuit Court for the County of Oakland in the cause entitled "ELLEN E. LYTLE, Plaintiff, v. ROBERT J. LYTLE, Defendant. Number D-31514." The decree was interlocutory and did not become final until 45 days after the date of its entry. The divorce decree incorporated the terms of the property settlement agreement. During 1955 and 1956 petitioner received the amounts of $10,400 and $10,680, respectively, from Robert pursuant to paragraph 5 of the Property Settlement Agreement as incorporated in the Decree of Divorce. Robert continued to make the payments as required until March 28, 1957, on which date petitioner remarried. On October 7, 1957, the petitioner here petitioned the Circuit Court for the County of Oakland, Michigan, for issuance of an order requiring Robert to show cause why he should not be adjudged guilty of contempt. The basis for this proceeding was Robert's failure to make the required periodic payments to petitioner following her remarriage. Robert filed an answer to the petition asserting that the provision of the decree with reference to the periodic payments to the petitioner was in the nature of a property settlement rather than a requirement *197 for the payment of alimony, and that, in the alternative, if the Circuit Court determined that the provision in the decree was an award of alimony it should be stricken and he should be relieved of further obligation. After a hearing the trial court concluded that the provisions of the property settlement agreement and divorce decree, with reference to the "periodic" payments, should be construed as imposing an obligation to pay alimony, and were not by way of property settlement. Robert was, therefore, adjudged guilty of contempt for his failure to make such payments and was ordered to pay within a period of 5 years the total amounts due or to become due at the rate of not less than $25 per week (in lieu of the $100 provided for in the "PROPERTY SETTLEMENT AGREEMENT" of November 29, 1954) beginning on June 2, 1958. Robert appealed the order of the Oakland County Circuit Court to the Supreme Court of the State of Michigan. On November 24, 1959, the Supreme Court of the State of Michigan in the case of Lytle v. Lytle, 99 N.W. 2d 377, in affirming, in part, the action of the lower court, stated that It is obvious from the language of the property settlement that the *198 parties considered that the periodic payments specified therein should be by way of alimony rather than as constituting a part of a property settlement. * * * Of the amounts of $10,400 and $10,680 received by petitioner from Robert in 1955 and 1956, respectively, the petitioner on her income tax returns reported in each year the amount of $5,200 as alimony income. The respondent determined that the unreported balance of the amounts received by the petitioner from Robert in each of the years 1955 and 1956 was also includable in petitioner's income. Section 71(a) of the Internal Revenue Code of 1954 provides, in effect, that if a wife is divorced or legally separated from her husband under a decree of divorce or separate maintenance the payments received by her pursuant to the decree of divorce or separate maintenance are includable in her gross income if such payments (1) are imposed on or incurred by the husband under the decree of divorce or separate maintenance, or under a written instrument incident to such divorce or separation, (2) are made in discharge of a legal obligation based on the marital relationship, and (3) qualify as periodic payments. The *199 record discloses that the petitioner was divorced from her husband Robert, that the payments involved were made and received by petitioner subsequent to her divorce and that the payments were imposed upon Robert under a written instrument incident to the divorce decree. Furthermore, in view of the facts which we have hereinabove found, there can be no doubt that these payments were not in the nature of a property settlement but were made by Robert in discharge of a legal obligation incurred because of the marital relationship. Thus, there remains for our consideration only one question, that is, whether or not the weekly payments made by Robert to petitioner were periodic payments or were installment payments within the meaning of section 71(c)(1) [1] of the Internal Revenue Code of 1954. *200 Petitioner contends that under the divorce decree she was guaranteed the sum $100of per week for five years with no conditions attached and that by multiplying the number of definite weeks of payment by the amount of such payments a principal sum is ascertainable. Under the laws of the State of Michigan, a court of chancery on the petition of either party has the power to revise and alter the amount of alimony or other allowance payable to the wife and children, or either of them, Michigan Statutes Annotated, volume 18, § 25.106; Nemecheck v. Nemecheck, 231 N.W. 82 (Mich. 1930); Loomis v. Loomis, 262 N.W. 331 (Mich. 1935); and this power of the trial court is not affected by the fact that the parties have between themselves contracted to make such alimony provisions permanent. Lytle v. Lytle, supra. See also Eddy v. Eddy, 249 N.W. 868 (Mich. 1933). Furthermore, the modification of a decree under Michigan law is considered to be within the discretion of the trial court, Schuch v. Schuch, 300 N.W. 875 (Mich. 1941), and may be obtained upon the showing of changed circumstances, such as the remarriage of the wife, *201 Herman v. Brennan, 211 N.W. 52 (Mich. 1926); the health of the parties, Lamb v. Lamb, 83 N.W. 2d 323 (Mich. 1957); the death of the husband, Welsh v. Welsh, 78 N.W. 2d 120 (Mich. 1956); and the changed economic condition of either party, Butler v. Butler, 97 N.W. 2d 67 (Mich. 1959). In Alton F. Lounsbury, 37 T.C. 163 (1961), on appeal (C.A. 9, April 2, 1962), this Court recently held under circumstances similar to those present here that alimony payments which are subject to modification by a State court upon changed circumstances are indefinite as to the amount of payment and consequently constitute periodic payments within the provisions of section 71 of the Internal Revenue Code of 1954. Note also sections 1.71-1(d)(3)(i) and 1.71-1(d)(3)(ii), Income Tax Regs. The Lounsbury case is applicable and controlling here and requires a resolution of the contested issue in favor of the respondent. We hold, therefore, that the payments in question were periodic and represented taxable income to petitioner. Decision will be entered for the respondent. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. * * *
(c) Principal Sum Paid in Installments. - (1) General Rule. - For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.↩