[Civ. No. 18294.   Second Dist., Div. One.   Sept. 12, 1951.]

Estate of ANN SEDDON RAWNSLEY, Deceased.   JAMES RAWNSLEY, Appellant, v. ANN SEDDON DEMPSTER, Respondent.

Samuel H. Sherman for Appellant.

L. L. James and Carl E. Day for Respondent.

HANSON, J. pro tem.—The only question to be determined on this appeal is whether a decree, in a special proceeding in which appellant and respondent were parties, which adjudged that respondent was (1) an heir (i.e., daughter) of decedent; (2) that the estate left by decedent was her separate property; and (3) that respondent was entitled to one third of decedent's estate, bars a subsequent action by decedent's spouse from relitigating the question whether the property was in fact her separate property in whole or in part.

The decedent Ann Rawnsley died testate leaving surviving her the appellant, her husband, a daughter of that marriage named Ena Rawnley, and a daughter by a prior marriage, with one Wilkinson, of the name of Ann Dempster. By her will the testatrix bequeathed and devised all her property to her surviving husband for life with remainder over to her daughter Ena Rawnsley. The will made no provision for or mention of decedent's daughter Ann Dempster. The surviving husband having been appointed administrator with will annexed filed an inventory listing decedent's property wherein he averred, under oath, that all of decedent's property was her separate property. Thereafter, respondent Ann Dempster filed a petition in the probate proceeding wherein she

averred she was the daughter of the decedent and entitled to have distributed to her one third of decedent's estate and prayed that the court determine the rights of all persons entitled to the estate and determine who ''are entitled to distribution'' thereof.

Appellant as surviving husband along with his own daughter Ena filed a verified statement, in the nature of an answer, admitting that the petitioner was a daughter of decedent and one of her heirs at law and averring affirmatively that the estate was the separate property of decedent but that nevertheless they were entitled to the estate in accordance with the terms of the will to the exclusion of petitioner owing to certain advancements which had been made to petitioner by decedent during her lifetime.

At the trial counsel for the husband and his daughter stated that the only issue between the parties was whether petitioner could be charged with the alleged advancements. The trial court found and adjudged, among other things, that petitioner was the daughter of decedent and that the entire estate of decedent was her separate property; that petitioner ''1. . . . is entitled to receive and have distributed to her, and there is vested in her, one-third of the estate of decedent, free of any life interest, or other interest, of James Rawnsley therein.

''2. That, under the last will of decedent, James Rawnsley, husband of decedent, is entitled to a life interest in the remaining two-thirds of the estate of decedent, and Ena . . ., daughter of decedent, is entitled to the remainder of said remaining two-thirds interest of the estate of decedent upon the death of said James Rawnsley.

''3. That each of said persons is entitled to distribution of his or her share or interest therein, as herein set forth, when said estate shall be in a condition to be distributed.''

Appellant appealed from the decree assigning as the only error the refusal of the trial court to receive parol evidence as to the alleged advancements. He conceded on appeal that the petitioner was a daughter of decedent and a pretermitted heir and that she was entitled to a one-third part of the estate, but contended that all the advancements he had sought to prove by parol evidence should have been received and ordered deducted by the trial court from petitioner's one third of the estate. He did not contend that findings went beyond the issues or that they were not sustained by the evidence.

After the decision on appeal, appellant elected to and filed a petition of his own in the probate action wherein he averred

that certain items listed in the inventory were community property and prayed a determination to that effect and that it be decreed that petitioner alone was entitled thereto. The respondent herein answered denying that any portion of the estate was community property and in addition thereto averred appellant was barred from contending to the contrary by reason of the prior judgment rendered upon respondent's petition. The trial court so ruled.

Upon the facts narrated appellant contends that the prior judgment is only conclusive as to such issues as were essential to or shown to have been involved in the judgment and that the question whether or not the estate consisted only of separate property was not in issue and that the determination thereof by the court was not necessary or essential. We fail to see any merit whatsoever in the contention.

Respondent in her original petition averred that she was entitled to one third of the estate. Under the provisions of Probate Code, section 1080, she was entitled to raise that issue and have it determined, as well as the issue whether she was in fact a pretermitted heir. When by his answer thereto appellant averred the estate consisted of only separate property he in effect conceded the allegation made by respondent as she was not entitled to one third of all the property inventoried unless all of it was separate property. If all the property had been community property the respondent would not have been entitled to any part of it. Likewise, if only a part was community property she would not have been entitled to any portion of such community property. (Prob. Code, § 201.) In view of the averment made by appellant in his answer there was no need, and indeed it would have been improper, to receive any evidence on the subject (*Fuentes v. Tucker,* 31 Cal.2d 1 [187 P.2d 752]). If appellant was of the view that the trial court was not entitled to determine the character of the property of the estate because it was not in issue at all or not conceded by him to be separate property it was incumbent upon him to have raised the point on the first appeal by a challenge to the findings and the judgment. (*Cf. Estate of Roberts,* 27 Cal.2d 70 [162 P.2d 461]; *In re Baxter's Estate,* 101 Mont. 504 [54 P.2d 869].) Not having done so he is barred from relitigating the issue. (*Price v. Sixth District Agricultural Assn.,* 201 Cal. 502 [258 P. 387]; see also, *Sutphin v. Speik,* 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497]; *Estate of Roberts,* 27 Cal.2d 70 [162 P.2d 461].)

504

A further contention made by appellant, if we understand him correctly, is that he may not be required to elect until final distribution whether he will take under the will or rely on his statutory community rights. Hence, the argument appears to be that the petition by a third party to have the court determine the character of a decedent's property is not maintainable, or at all events any decree made thereon, is not binding upon the surviving spouse unless and until such spouse has made an election. Merely to state the contention is to answer it. (*Estate of Roberts,* 27 Cal.2d 70 [162 P.2d 461].)

The judgment below being in all respects correct is affirmed.

White, P. J., and Drapeau, J., concurred.