[Civ. No. 16873.   First Dist., Div. One.   Oct. 9, 1956.]

NORMAN KARL SPURGEON, Respondent, v. SUSIE
MITCHELL SPURGEON, Appellant.

Phil F. Garvey for Appellant.

P. J. Kearns for Respondent.

BRAY, J.—The trial court denied cross-motions (1) by the plaintiff to modify a decree of divorce granted December 15, 1953, by eliminating therefrom the requirement that he pay defendant $50 per month alimony, and by transferring the physical custody of the two minor children of the parties to him (the legal custody is in both parties), and (2) by defendant to modify the decree to increase the support of each child from $55 to $75 per month and to obtain attorney's fees and costs. Defendant appeals.

## QUESTIONS PRESENTED

1. Was defendant denied due process of law?

2. Did the court abuse its discretion in denying (a) the increase in support, (b) attorney's fees and costs?

### 1. *Due Process.*

There is no merit to this contention. ■ The hearing of both motions began by the court suggesting that plaintiff's motion be heard first. (It was filed first.) Defendant made no objection. Plaintiff without objection examined defendant as to her income and living situation. Defendant's counsel then examined her on the same subject. Plaintiff was then examined in his own behalf and cross-examined by defendant. A couple of times during this cross-examination the court stated that it appeared from the testimony of the parties that plaintiff was not in a position to pay more money for the support of the children. In each instance, however, the court said his statement was without prejudice to further examination of plaintiff by defendant or the introduction of further evidence. Defendant did further examine plaintiff. When the cross-examination of plaintiff by defendant was concluded, the court stated it was prepared to rule. Both parties testified as to their respective financial situations. The court said, ". . . we have got the picture, I think, don't you think so?" "Now, the wife, as I understand it, the wife has a motion here to increase?" All defendant said was that she would like to further cross-examine plaintiff. She did so. Plaintiff submitted the matter. Defendant said nothing. The court then ruled. Defendant did not object to the fact of ruling, nor offer any further evidence, nor request the opportunity to present more evidence or even to argue the matter. The statement in defendant's brief that she was deprived of the right to produce evidence in support of her motion is not borne out by the record. Apparently defendant contends that the court should have ruled first on plaintiff's motion

and then heard the evidence all over again on defendant's motion. There is no such requirement of law, and were there, defendant's acquiescence in the court's ruling on both motions without any request for further hearing would prevent her from claiming error. A reading of the record clearly shows that the court and both parties understood that the testimony was to, and did, apply to both motions. There was no deprivation of due process.

2. *Discretion.* (a) Support.

■ Plaintiff's income since the date of the divorce decree has increased only $4.00 per month. His take home pay is $311 per month. His expenses each month, including the $160 he has regularly paid defendant and the insurance premiums ordered by the decree equal $307 per month, leaving $4.19 per month. He owes debts of approximately $1,300 accumulated during the marriage. He remarried in December, 1953. His present wife earns approximately $190 per month take home pay plus an $18.75 bond every six weeks. He pays part of the rent of their home and of the grocery bills, as does she.

Defendant, at the time of the decree, was unemployed. She now earns $25 per week. She and the children are living in the home awarded her in the decree. She pays $31 per month on an F.H.A. loan for repairs on the house, also $47.32 per month on the lien, subject to which the house was awarded her. One of the children needs orthodontia.

That the granting and refusing of support is a matter which lies largely in the discretion of the trial court and that before the appellate courts will interfere, it must clearly and affirmatively appear upon the face of the entire record that this discretion has been abused, is so well settled as not to require the citation of authority. Defendant concedes this by citing *Baldwin* v. *Baldwin,* 28 Cal.2d 406, 413 [170 P.2d 670]. The evidence here shows one of those unfortunate situations which occur when parties having children are divorced and there just isn't enough money to meet the needs of the children and the parents living separately. It should be pointed out, too, that as far as plaintiff is concerned there has been no appreciable change in his financial situation from what it was at the time of the granting of the decree. Defendant, on the other hand, is now employed. With a $4.19 margin per month with which to meet outstanding bills, we cannot say that the court should have ordered him to pay more support, even though

the combined total of defendant's earnings and plaintiff's support payments hardly meet the requirements of two growing children. We see no abuse of discretion here.

(b) Attorney's Fees and Costs.

As in the case of support, the awarding of attorney's fees and costs is likewise largely in the discretion of the trial court. (Civ. Code, § 137.5.) ▮ What we have said concerning the absence of enough money to go around to meet an increase in support, applies here. Neither side can afford the payment of attorney's fees and costs. Shortly before this proceeding, plaintiff had made an effort to get sole custody of the children and a court had ordered him to pay defendant $300 attorney's fees and $73 costs in resisting that effort. Apparently the court took this fact into consideration, as well as plaintiff's present inability to pay. We see no abuse of discretion.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.