[Civ. No. 22152.   Second Dist., Div. One.   May 6, 1957.]

ANNIE EDELEN, Appellant, v. WILLARD EDELEN, Respondent.

Joseph M. Wapner for Appellant.

James D. Garibaldi and Warren J. Lane for Respondent.

FOURT, J.—This is an appeal by the plaintiff and cross-defendant from an order modifying an interlocutory decree of divorce.

The facts briefly stated are as follows: On April 26, 1956, the trial of the case was had on the merits and evidence was introduced by both parties. At the conclusion of the trial, findings of fact were waived. A minute entry was entered on April 30, 1956, wherein it is set forth that a divorce was granted to the husband who was the cross-complainant, and "[c]ustody of minor children to cross-complainant, with physical custody of daughter to cross-defendant until further order of court," and "[c]ounsel for cross-complainant to prepare judgment. Findings waived." A written form of an interlocutory judgment of divorce was prepared and submitted to the judge and was signed by him and filed on May 15, 1956, and entered May 17, 1956. This judgment provided, among other things, as follows:

"The custody of the minor children, Darrell Lee, Richard Dean and Sue Ann, is awarded to the defendant and cross-complainant, with the right of reasonable visitation to plaintiff, until further Order of court, provided that the plaintiff shall have physical control of the minor child, Sue Ann, during the school week during the current school year pending further Order of court. During the time that the plaintiff has such physical control of the minor child, Sue Ann, the defendant and cross-complainant shall have the right to have such child with him on week-ends and to visit such child at other reasonable times."

On July 2, 1956, an order to show cause and affidavit in

re modification of interlocutory judgment of divorce was filed by defendant and cross-complainant. The hearing was set for July 16, 1956. At the hearing, which was held on August 13, 1956, the judge interpreted the judgment to mean that the "current school year" had expired at the time of the hearing.

It is apparent that the trial judge had in mind, when the judgment was signed in the first instance on May 15, 1956, that all of the children should ultimately be with the father, but that Sue Ann should not be taken out of the school she was attending at that particular time, and shifted to some other school, but she should be permitted to finish that grade, and while doing so, to remain physically with the mother, and upon the school term ending she was to be with her father. When the judge signed the interlocutory decree of divorce it had previously thereto been submitted to the attorney for the wife and he, as her attorney, approved in writing the interlocutory decree as to form.

■ The appellant contends that there was no showing of a change of circumstances, and therefore, the order was error, and cites as authority therefor *Foster* v. *Foster*, 8 Cal.2d 719 [68 P.2d 719] and *Prouty* v. *Prouty*, 16 Cal.2d 190 [105 P.2d 295]. The facts in the cases mentioned are in nowise similar to the facts of this case. It is our view that the trial judge determined the custody of the children at the time of the interlocutory judgment of divorce. The decree provided in substance that the husband and father was to have the custody of the children, but that the wife was to have the physical custody of the one child until the end of the school term, and thereafter all of the children were to be in the physical and general custody of the husband and father.

■ Appellant contends further that the minute entry or order of April 26, 1956, constitutes the decision, and not the signed, written judgment. The question of whether the court's remarks at the conclusion of a hearing are the rendition of a decision, or whether they are only an announcement of a decision the court contemplates making by a signed judgment, depends upon the court's statements and intentions at that time. Here the judge obviously intended, and so ordered, that counsel for the husband should prepare a form of written judgment and submit it to the court for signature, which was done. The attorney for the wife surely did not, at the time the written judgment was presented to him for approval, believe that the minute entry constituted the decision, other-

wise- he would not have approved in writing the interlocutory judgment as to form to the end that it could be submitted to the trial judge for his signature.

The order is affirmed.

White, P. J., and Doran, J., concurred.