[Civ. Nos. 22855, 23074. Second Dist., Div. Two. July 23, 1958.]

BETTY W. BROWN, Appellant, v. LOUIS A. BROWN, JR.,
Respondent.

[Two Cases.]

Joseph W. Fairfield and Ethelyn F. Black for Appellant.

Greenbaum, Baker & Ancel for Respondent.

HERNDON, J.—Plaintiff appeals from (1) an order denying her motion to amend an interlocutory judgment of divorce *nunc pro tunc*; and (2) a subsequent order denying her application for an award of attorney fees and costs in connection with her appeal from the order first mentioned.

When this divorce action was called for trial, both parties being present with their counsel, plaintiff's attorney informed the court that the parties had come to an agreement with respect to the division of their property, and proceeded to offer an oral stipulation in accordance therewith. There were numerous items of property, representing in the aggregate a very substantial estate. ■ The only portion of the lengthy stipulation involved in this appeal relates to the rights which plaintiff was to be given with respect to a certain parcel of real property. It was stipulated that plaintiff was to have "[t]he use of lot 34 located in Palmdale, and all of the income to be derived from said real property. In the event said property is leased for commercial purposes, Mrs. Brown is to have the right to remove the main house located upon said real property and to retain title to said house as her separate property."

Defendant's counsel joined in the stipulation, and both parties expressly declared that they understood and approved it. The concluding provision of the stipulation was to the effect that its terms would be embodied in the interlocutory judgment which was to be prepared by plaintiff's attorney, and submitted to defendant's attorney for approval before being presented to the court for signing and filing The case thereupon proceeded as an uncontested matter. The clerk's minute order set forth the stipulation in substantially the same language as above quoted. In due course plaintiff's attorney prepared, defendant's counsel approved, and the trial judge signed an interlocutory judgment which was entered on February 24, 1954. With respect to the above mentioned parcel of real property, the judgment provided that plaintiff should have "The use of Lot 34, Tract 7682, located in Palmdale, California, and the *residential rental* income derived therefrom. In the event said property is leased for commercial purposes, the plaintiff, Betty W. Brown, has the right to remove the house on said real property and retain title thereto as her separate property, *whereupon her right to the income from said real property shall terminate."* (Emphasis added.)

On February 27, 1957, three years after the entry of judgment, plaintiff (through substituted counsel) filed her notice of motion to amend the judgment *nunc pro tunc* by substituting the inclusive words *"all of"* for the limiting words *"residential rental"* used to describe the income to which plaintiff was entitled, and by striking the clause which would operate

to effect a termination of her right to the income in the event the lot was leased for *commercial* purposes. The amendment would have had the effect of conforming the judgment almost exactly to the literal terms of the oral stipulation. The basis of the motion was that there were substantial variances between the terms of the stipulation and those of the judgment, and that these variances were the result of a clerical error in the judgment.

In denying the motion, however, the trial judge made it very definite that no clerical error was involved. With reference to the language of the judgment the court stated: "It merely clarified that which they wanted, as I understood the stipulation, . . ." With reference to the language of the original oral stipulation, the court commented: "It's ambiguous enough that they had the right to clarify it in a more specific citing of their intentions, and as I said before, [the judgment was] prepared by the very attorney who represented the wife who is complaining."

And, finally, as to his intentions with reference to the terms of the judgment, the trial judge declared: "I find from studying the file that it was my intention that whatever stipulation they entered into was to be spelled out more specifically by the decree and that's the reason I made the order. That counsel for the plaintiff should prepare it and it should be examined by counsel for the defendant to make sure that they spelled out every bit of that stipulation and that's what they did as far as I'm concerned. I made no error. I signed the decree. I intended to sign it and that's going to be my ruling. I'll take no evidence."

We conclude that the instant appeal is unmeritorious. It appears to us that the actions and declarations of the trial judge as above recited were in all respects reasonable and proper. The oral stipulation itself clearly indicated the intent of the parties that the judgment, which was to be prepared by plaintiff's attorney, was to constitute the formal and final embodiment of their agreement. The ambiguity or incompleteness of the oral stipulation and the consistency of the clarifying language of the judgment are self-evident. The trial judge's comments suffice to eliminate any semblance of basis for a claim of clerical error.

Even if it were conceded for the purpose of this discussion that there was error in the judgment in the form of a substantial departure from the intent of the stipulation, plaintiff could not prevail on this appeal. It was the exclusive province

of the trial judge to determine whether any *clerical* error was made or whether the judgment provided as he intended it to provide.

■ The following statement of the applicable law found in *Kohlstedt* v. *Hauseur,* 24 Cal.App.2d 60 [74 P.2d 314], and quoted with approval in *Carpenter* v. *Pacific Mut. Life Ins. Co.,* 14 Cal.2d 704, at pages 708-709 [96 P.2d 796], is completely decisive of the instant appeal: ''It is for the judge who made the original decision to decide whether the judgment as written expresses his decision. [Citations.] In acting upon the matter the judge is exercising one of the functions of his judicial office and he will not direct the amendment unless he is satisfied that the original entry does not clearly express the order which was made. [Citation.] In the case of *Livesay* v. *Deibert, supra* [3 Cal.App.2d 140, 147 (39 P.2d 446)], the court further said: 'It was for the trial judge to determine whether the order was complete and all that he intended it to be or whether it was deficient. If the mistake was clerical, it could be corrected. If it was judicial, it could not be. It must be presumed that he found it to be his own clerical error; otherwise he would have had no right to make the second order. The facts were completely and solely within his own knowledge. He alone knew whether a mistake had been made and how it had been made. He had a right to rely upon his own memory [citation] and his determination of the fact is conclusive. [Citations.]''

· ■ Plaintiff's argument that the minute order should prevail over the formal written judgment *prepared by her own attorney* is even more unreasonable and futile than a similar contention unsuccessfully urged by the appellant in *Edelen* v. *Edelen,* 150 Cal.App.2d 681, 683 [310 P.2d 486] : ''Appellant contends further that the minute entry or order of April 26, 1956, constitutes the decision, and not the signed, written judgment. The question of whether the court's remarks at the conclusion of a hearing are the rendition of a decision, or whether they are only an announcement of a decision the court contemplates making by a signed judgment, depends upon the court's statements and intentions at that time. Here the judge obviously intended, and so ordered, that counsel for the husband should prepare a form of written judgment and submit it to the court for signature, which was done. The attorney for the wife surely did not, at the time the written judgment was presented to him for approval, believe that the minute entry constituted the decision, otherwise he would not

have approved in writing the interlocutory judgment as to form to the end that it could be submitted to the trial judge for his signature."

 Trial courts can modify or amend their judgments only as prescribed by statute. (*Bowman* v. *Bowman,* 29 Cal. 2d 808, 814 [178 P.2d 751, 170 A.L.R. 246].) A final judgment can be amended *nunc pro tunc* only for the purpose of making the record conform to the truth, and not for the purpose of revising and changing the judgment to correct a judicial error. (*McLaughlin* v. *McLaughlin,* 141 Cal.App.2d 494, 496 [296 P.2d 878].)

The obvious conclusion from the foregoing is that plaintiff's motion to amend the interlocutory judgment was properly denied.

### Appeal from Order Denying Attorneys' Fees and Court Costs

 There is no merit in the appeal from the order denying plaintiff's application for an award of attorneys fees and costs to aid her prosecution of the appeal above decided. No sufficient showing was made to establish either that the award was necessary or that the appeal was being prosecuted in good faith. Such an award is not a matter of absolute right and may be made only upon a finding of necessity. (*Kalmus* v. *Kalmus,* 103 Cal.App.2d 405, 422 [230 P.2d 57]; *Loeb* v. *Loeb,* 84 Cal.App.2d 141, 148-149 [190 P.2d 246].) Where the trial court is satisfied from the record before it that the proposed appeal is not undertaken in good faith or with reasonable belief that it has merit, the application should be denied. (*Stewart* v. *Stewart,* 156 Cal. 651, 656 [105 P. 955]; *Ganann* v. *Ganann,* 109 Cal.App.2d 346, 351 [240 P.2d 722].) An application for an allowance of attorneys fees and costs on appeal is addressed to the sound discretion of the trial court and its order will not be disturbed by the reviewing court unless abuse of that discretion is clearly shown. (*Ganann* v. *Ganann, supra*; *Couser* v. *Couser,* 125 Cal.App.2d 475, 477-478 [270 P.2d 496]; *Currin* v. *Currin,* 125 Cal.App.2d 644, 652 [271 P.2d 61]; *Spurgeon* v. *Spurgeon,* 145 Cal.App.2d 33, 36 [301 P.2d 903]; *Kellett* v. *Kellett,* 2 Cal.2d 45, 48 [39 P.2d 203]; *Primm* v. *Primm,* 46 Cal.2d 690, 696 [299 P.2d 231].)

 Plaintiff relies heavily upon the fact that a court commissioner, acting pursuant to section 259a of the Code of Civil Procedure, previously had made findings and recom-

mendations favorable to her application. This reliance is misplaced. The findings and report of the commissioner were advisory only and in no way binding upon the court. (*Ellsworth* v. *Ellsworth*, 42 Cal.2d 719, 723 [269 P.2d 3].)

Each of the orders appealed from is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Petitions for a rehearing were denied August 18, 1958, and appellant's petition for a hearing by the Supreme Court was denied September 17, 1958.