[Civ. No. 23643. Second Dist., Div. Three. Dec. 1, 1959.]

Estate of EDNA WINNIE, Deceased. RICHARD PAUL VANCE HILL, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Administrator with the Will Annexed, et al., Respondents.

Roger J. Pryor for Appellant.

No appearance for Respondents.

VALLÉE, J.—The administrator-with-will-annexed of the estate of Edna Winnie, deceased, filed a petition to determine heirship. Notice of hearing the petition was duly given to all legatees, devisees, and heirs. Pursuant to section 1080 of the Probate Code, appellant Richard Paul Vance Hill and American Archives Association appeared and filed written statements setting forth their interests in the estate. A third statement was filed apparently by Dennis J. Winnie and Mary O. Toolin. This statement is not in the record.

The statement of appellant averred he was the only child of Paul S. Winnie, the predeceased spouse of the deceased; that the property of the estate was community or joint property of Edna and Paul Winnie; and that he was entitled to the entire estate of the deceased under section 228 of the Probate Code. The statement of American Archives Association averred that Edna Winnie died on January 11, 1957; that the estate consisted of community property only; that on January 23, 1957, appellant for a valuable consideration assigned to it a third part of his right, title, and interest in the

estate; and that it is entitled to one-third of all the property of deceased to which appellant is entitled.

After a hearing and the receipt of evidence, the court on May 7, 1958, made an order in which it found and decreed that appellant is entitled to succeed by law to the estate of the deceased. No appeal was taken from the order of May 7, 1958, and it became final.

On June 16, 1958, the attorneys for the administrator served and filed a notice of motion for an order amending the order of May 7, 1958, *nunc pro tunc* to provide that appellant is entitled to that part of the estate comprising community property of the deceased and her predeceased husband. The ground of the motion was that the order of May 7, 1958, ''as it now exists'' goes beyond the provisions of section 228 of the Probate Code in that under that section appellant would not be entitled to share in the separate property of the deceased. In support of the motion, the attorneys for the administrator filed an affidavit of one of them in which he stated that after the death of her husband, Paul S. Winnie, the deceased, Edna Winnie, acquired property through her efforts which ''is believed'' to be separate property of the decedent and is included as property to be distributed to appellant under the order of May 7, 1958.

On September 4, 1958, the court made an order amending the order of May 7, 1958 *nunc pro tunc* to provide that appellant is entitled to succeed by law to that part of the estate comprised of joint tenancy or community property of Edna and Paul Winnie. No evidence was received at the hearing of the motion. The attorney for the administrator there stated:

''My concern arises from the fact that being the stakeholder I did not concern myself particularly with the relative claims between the parties. I note from my file I have corresponded with Mrs. Fisher [one of the heirs who had received a notice of the petition] regarding the claim which she filed, and my concern is that she may have thought, although I have never represented to her that I would take care of this matter—she may have thought that I was for some reason protecting her interest in this. That is one reason that I am concerned, although I never told her, or I have never represented to her that I would handle her interest in this matter. She wrote me about a claim and I wrote her back that I would have the Bank take care of it and look into it at least, and the Bank subsequently paid her claim.''

Richard Paul Vance Hill appeals from the order of September 4, 1958.

Probate Code, section 228, provides that if, as in this case, the decedent leaves neither spouse nor issue, and the estate, or any portion thereof was community property of the decedent and a previously deceased spouse, and belonged or went to the decedent by virtue of its community character on the death of such spouse, or vested in the decedent in a joint tenancy between such spouse and the decedent, such property under the facts at bar goes to appellant.[1]

 The jurisdiction of the probate court in a proceeding to determine heirship includes the power to adjudicate community property rights. (*Estate of Roberts*, 27 Cal.2d 70, 75 [162 P.2d 461]; *Estate of Hartnett*, 155 Cal.App.2d 280, 282 [318 P.2d 81].)

The original order of May 7, 1958, necessarily determined that the property in the estate was community or joint tenancy. Appellant so alleged in his written statement. American Archives Association alleged it was community property. These allegations were deemed denied. (Prob. Code, § 1080.)

 When the court found in the order of May 7, 1958, that appellant "is entitled to succeed by law to the estate" of the deceased, it impliedly found that all property in the estate was community or joint tenancy property and that under section 228 appellant was entitled to all of it.

Probate Code, section 1081, provides: "[T]he court shall hear the petition and any objection thereto that may have been presented, and shall determine who are the heirs of the decedent or entitled to distribution of the estate and shall specify their interests."

---

[1] Section 228: "If the decedent leaves neither spouse nor issue, and the estate, or any portion thereof was community property of the decedent and a previously deceased spouse, and belonged or went to the decedent by virtue of its community character on the death of such spouse, or came to the decedent from said spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead, or in a joint tenancy between such spouse and the decedent or was set aside as a probate homestead, such property goes in equal shares to the children of the deceased spouse and their descendants by right of representation, and if none, then one-half of such community property goes to the parents of the decedent in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to the brothers and sisters of the decedent and their descendants by right of representation and the other half goes to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of said deceased spouse and to their descendants by right of representation."

Section 1082 reads: "When such decree becomes final it shall be conclusive upon the matters determined during the remainder of the administration of the estate and upon any subsequent proceeding for distribution."

██ In *Estate of Wise*, 34 Cal.2d 376 [210 P.2d 497], the court stated (p. 385) : "So it has been said that such heirship 'decree [is] conclusive against all persons' as the 'basis for the decree of distribution which [is] to follow' [citation] ; it settles 'the rights of all persons claiming as heirs of the decedent, whether or not they are named in the complaint or personally served with summons' [citation] and whether or not they were 'individually named in [the] notice . . .' [citations]. ██ The decree is not one '*in personam* in favor of one of the parties against another.' [Citation.] Rather, as founded in a specialized proceeding in rem—'not against persons as such, but against or upon the thing or subject matter itself'—the decree, when rendered, 'is a solemn declaration of the status of the thing, and ipso facto renders it what the [decree] declares it to be.' [Citation.] While it may 'not be questioned that justice and sound policy require that the estates of decedents be distributed to persons rightfully entitled thereto and that every concern and endeavor of a probate court should be to the accomplishment of that purpose,' that does not mean that a 'valid decree' determinative of rights 'of distribution . . . when once final, may be disturbed at the behest of any rightful claimant, known or unknown, when the decree was rendered, for it is the well-settled policy of the law to preserve the inviolability of final judgments and decrees of courts of law and equity, and a valid decree of a court of probate partakes of the nature of such judgments.' "

██ "By giving the notice prescribed by the statute, the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate, and every person who may assert any right or interest therein is required to present his claim to the court for its determination. Whether he appears and presents his claim, or fails to appear, the action of the court is equally conclusive upon him, ' "subject only to be[ing] reversed, set aside, or modified on appeal." ' ██ The decree is as binding upon him if he fails to appear and present his claim, as if his claim, after presentation, had been disallowed by the court." (*Estate of Radovich*, 48 Cal.2d 116, 121 [308 P.2d 14] ; *Estate of Buckhantz*, 159 Cal.App.2d 635, 645 [324 P.2d 317].)

704

█ In the absence of the filing of a written statement constituting a party's claim to heirship, he cannot be heard to contest the right of another claimant. (*Estate of Ward,* 127 Cal.App.2d 207, 209 [273 P.2d 601].) █ The decree of May 7, 1958, conclusively determined that all property in the estate was community or joint tenancy property of Edna and Paul Winnie and that appellant was entitled to have all of it distributed to him. In *Estate of Roberts, supra,* 27 Cal.2d 70, the right of a widow to a probate homestead was determined in a proceeding to determine heirship. On the hearing of an account and for distribution, it was claimed the widow, by claiming a probate homestead in the community property, elected to take her share in the community property under the statute and could not take under the will. The court stated (p. 74) :

"This question is not open on this appeal, however, for it was rendered res judicata by the final judgment in the proceeding between the parties to determine heirship. That judgment established the right of the widow to the probate homestead set aside for her as part of the community property and her right upon the distribution of the estate to receive her share in the community property in addition to her bequest under the will, and determined conclusively the issue now raised whether or not it was then expressly raised. [Citations.] The issue was within the probate court's jurisdiction in that proceeding, for in a proceeding to determine heirship 'any person . . . entitled to distribution of the estate or any part thereof' and 'praying that the court determine who are entitled to distribution of the estate' (Prob. Code, § 1080) may obtain a decision binding on any other person interested in the estate as to how the estate shall be distributed. Section 1082 of the Probate Code provides that a decree in such a proceeding, if final, 'shall be conclusive . . . during the remainder of the administration of the estate and upon any subsequent proceeding for distribution.' "

[██ If any person who had filed a written statement was of the view that the probate court did not determine the character of the property of the estate in the order of May 7, 1958, it was incumbent on him to have raised the point by appeal from the order. (*Estate of Rawnsley,* 106 Cal.App.2d 500, 503 [235 P.2d 223].)

█ Where a judgment or order, as entered by the clerk, does not conform to the judgment actually rendered, the correction of the record may be made *nunc pro tunc.* █ Amend-

ments or modifications of a judgment entered as rendered cannot be made to correct a judicial error. (28 Cal.Jur.2d 698, § 62.) *Brown* v. *Brown,* 162 Cal.App.2d 314 [328 P.2d 4], says (p. 319):

"Trial courts can modify or amend their judgments only as prescribed by statute. (*Bowman* v. *Bowman,* 29 Cal.2d 808, 814 [178 P.2d 751, 170 A.L.R. 246].) A final judgment can be amended *nunc pro tunc* only for the purpose of making the record conform to the truth, and not for the purpose of revising and changing the judgment to correct a judicial error. (*McLaughlin* v. *McLaughlin,* 141 Cal.App.2d 494, 496 [296 P.2d 878].)'"

 In *Estate of Torrance,* 154 Cal.App.2d 350 [316 P.2d 94], a proceeding to determine heirship, it was held prejudicial error to accept the statement of counsel that the estate consisted of separate property. The court said that section 1081 of the Probate Code requires that the finding be based on substantial evidence and not on the informal statements of counsel.

*Stevens* v. *Superior Court,* 160 Cal.App.2d 264 [325 P.2d 204], was in part certiorari to review an order of September 30, 1957, amending *nunc pro tunc* an order of May 27, 1957, determining heirship. The order of May 27, 1957, determining heirship decreed that the petitioner was not a pretermitted heir. An appeal was taken therefrom. While the appeal was pending the court, on September 30, 1957, amended the order of May 27, 1957 *nunc pro tunc* to decree that an order of September 11, 1955 was "final and binding on all persons." The order of September 30, 1957, was annulled. One of the grounds was (p. 270): "This order of September 30, 1957, was obviously a nullity. . . . It is clear that the amendment *nunc pro tunc* by adding this defense to the action was an attempt by the trial court to correct a judicial error and not to correct a mere clerical one."

 We think it manifest from the record that the order of September 4, 1958, amending the order of May 7, 1958, *nunc pro tunc* was not for the purpose of making the record conform to the truth; it was not even for the purpose of revising and changing the judgment to correct a judicial error. It was pursuant to the hearsay statement in the affidavit of one of the attorneys for the administrator that he believed the deceased had acquired separate property after the death of her husband and his statement at the hearing that an heir may have thought the administrator bank was going to repre-

sent her in the proceeding to determine heirship. The order of May 7, 1958, conclusively determined the character of the property, and any heir who had not filed a written statement in the proceeding was barred from questioning its effect.

The order of September 4, 1958, is reversed.

Shinn, P. J., and Ford, J., concurred.