201 Cal.App.2d 154 (1962)
MARY HELEN MACHADO, Plaintiff and Respondent,
v.
JOHN R. MACHADO, Defendant and Appellant.
Civ. No. 62. 
California Court of Appeals. Fifth Dist. 
Mar. 9, 1962.
 Natalie J. Holly for Defendant and Appellant.
 Kane & Canelo and Thomas J. Kane, Jr., for Plaintiff and Respondent.
 BROWN, J.
 This is an appeal by defendant from a separate order made after entry of the interlocutory judgment *155 of divorce, which is the subject of cross-appeals in this action this day decided (Machado v. Machado, [fn. *](Cal.App.) 20 Cal.Rptr. 152) granting plaintiff alimony and child support, pending determination of the cross-appeals, and attorneys' fees and costs on appeal.
 On July 26, 1960, the Superior Court of Merced County made and entered its interlocutory decree of divorce. Limited appeals were filed by both parties.
 On October 11, 1960, after proceedings duly had and taken, the court entered its order requiring defendant to pay to plaintiff the sum of $75 per month for the support of each of two minor children, the sum of $150 per month alimony; $1,000 attorneys' fees for services rendered and to be rendered on the cross-appeals, and actual costs on appeal.
 From this order defendant appeals, and states four grounds: (1) that he is financially unable to pay the support, attorneys' fees and costs; (2) that plaintiff failed to establish her present need for support for herself and the two minor children; (3) plaintiff failed to show that she appealed from the interlocutory decree in good faith; and (4) the award of attorneys' fees and costs was unwarranted.
 With regard to defendant's claim that he is not financially able to pay the support or attorneys' fees and costs, defendant testified at the trial that he had only $65 in the bank; that he owed certain real estate taxes in the approximate sum of $3,211; and that he had not made any profit during the period from January 1, 1960, to August 31, 1960.
 It is admitted that the defendant's alleged separate property is appraised in excess of $127,611; that he previously gave $42,000 of his own money to his sister; that he withdrew from a savings and loan account $8,500 belonging to himself and his wife; that he was saving $7,200 in the event that he had to pay her that sum awarded in the interlocutory decree; and that all the personal property, cows, and farm equipment were clear. At the same time, he testified that he was losing money, submitting a financial statement at the hearing on the order to show cause, which financial statement shows that during the period of time from January 1, 1960, to August 31, 1960, his total receipts were $11,014.49, and that he had disbursed a total of $27,204.96. This leaves excess disbursements of $16,190.47. There is no explanation as to where he got this *156 money. He did testify at the hearing on the order to show cause that the only money he owed was future real property taxes in the amount of $3,211.19, plus other bills unpaid totaling $1,395.52. This being all that he says he owes fails to explain where he got the $16,190 to exceed his receipts for this January to August 1960 statement.
 In examining this financial statement and excluding the nonoperating business expenses and the nonbusiness expenses, it shows that defendant netted $3,456.71 for the first eight months of 1960, or averaging approximately $432 per month, in the operation of his dairy and farm. This seems to be in line with the judge's discretion in making the awards of $150 per month to plaintiff and $75 per month to each of the two children. [1, 2] The matter of granting alimony pending the appeal and support of the children is within the sole discretion of the court and there is no reason for us to dispute the court's ruling.
 In Bohnert v. Bohnert, 91 Cal. 428, 431 [27 P. 732], the court said: "As to the granting of alimony pendente lite, that is a matter resting in the sound discretion of the court, and this record discloses nothing to justify us in disturbing that discretion as exercised by the trial court in this cause. Under section 137 of the Civil Code, the power to make an allowance to the wife for her support as alimony, or an allowance to her for the purpose of defending or prosecuting the action, is not exhausted upon the rendition of the judgment in the trial court."
 And it was stated in Bernard v. Bernard, 79 Cal.App.2d 353 [6] [179 P.2d 625]: "In a proceeding, subsequent to entry of an interlocutory divorce decree, involving the husband's duty to support a minor child of the marriage, the only jurisdictional facts that must be alleged are the needs of the child and the ability to pay, and where the complaint contains such allegations the trial court has jurisdiction to make an award requiring such support."
 The defendant appeals from the order awarding $1,000 additional attorneys' fees to the plaintiff's attorney to prosecute her appeal and defend defendant's cross-appeal from the interlocutory decree. The attorney for defendant did not object at the time the order was made to the awarding of the $1,000 for plaintiff's attorneys' fees and costs [3] In Rogers v. Rogers, 86 Cal.App.2d 817, 823 [195 P.2d 890], the court said: *157
 "Appellant's counsel on this appeal did not represent him at the trial, but his counsel at that time voiced no objection to the amount of attorneys' fees as allowed. Manifestly, if an award of attorneys' fees is to be reviewed on appeal, an objection to the amount thereof should be made in the trial court, especially where, as here, it was stipulated that the court might determine that issue in the light of what to the court 'may be just for services rendered.' As was said in Meyer v. Meyer, 184 Cal. 687, 690 [195 P. 387]: 'Furthermore, no objection whatever to the allowance was made in the trial court by the defendant. If he had an objection, he should have made it.' "
 There is no proof of any abuse of the court's discretion in this matter. (See Pope v. Pope, 107 Cal.App.2d 537, 540 [237 P.2d 312].) There is adequate authority for this view. (See Brown v. Brown, 162 Cal.App.2d 314 [328 P.2d 4]; and Washington v. Washington, 163 Cal.App.2d 129, 130-131 [329 P.2d 115].) [4] It is true that only when the appeal is taken in good faith, that is, with a reasonable belief that it has merit, attorney's fees may be awarded. (Stewart v. Stewart, 156 Cal. 651, 655-656 [105 P. 955]; Barker v. Barker, 139 Cal.App.2d 206, 220 [293 P.2d 85].) The matter of good faith is discussed hereinbelow. There is no testimony or evidence in the present case that there has been an abuse of the court's discretion in making the award of the support to plaintiff and the award of $1,000 additional attorneys' fees and costs to plaintiff's attorneys.
 As to plaintiff's needs for herself and the children, she testified at the hearing on the order to show cause that she had no money or any means and that she needed $300 for support for herself and the children. The lower court stated, "Well, all that is necessary is to show she is unable to pay attorney's fees and has not got the money." While this may not have been enough testimony at that moment, the defendant's attorney subsequently cross- examined the plaintiff in which examination her needs were defined. Defendant urges that the whole family lived on less than $150 per month during the 10 years of marriage and that the lower court, by pendente lite order, in the divorce action had awarded plaintiff $60 a month for the support of each child and that there was no evidence that the needs of the children had increased above the $60 per month. In Wittman v. Superior Court, 19 Cal.App.2d 734, 736-737 [66 P.2d 180], the court said: *158
 "The law is well settled, as petitioner concedes, that the right of a defeated wife to prosecute at the husband's expense her appeal from a judgment granting the husband a divorce, is not an absolute right; that the matter of granting alimony and costs pending appeal rests in the sound discretion of the trial court, and that therefore its action denying an application therefor will not be disturbed save when it clearly appears that such discretion has been abused. [Citations.] Furthermore, it is well established that in passing upon the wife's motion for costs on appeal and maintenance during its determination it is proper for the trial court to take into consideration not only the evidence adduced at the hearing of the motion but also the history of the entire litigation which has taken place between the parties and the circumstances which brought about the unfavorable result to the wife [citation], including the evidence adduced at the trial upon the merits."
 The court heard all the testimony in this matter and examined all the financial statements and records and was completely familiar with the financial affairs of both parties, and in our opinion did not abuse its discretion in making awards for alimony and support.
 The plaintiff did not allege good faith in her affidavit supporting the order to show cause, nor was any testimony introduced at said hearing except statements by plaintiff's attorney as to his belief that plaintiff had a meritorious case for appeal and that his client would not in any event have any information as to whether or not she had any grounds for a good appeal from the interlocutory judgment. She did file her notice of appeal from that judgment on September 6, 1960, and the defendant filed his notice of appeal on September 19, 1960, and the order which is the subject of this appeal was made on the same date as the hearing, to wit, October 10, 1960.
 While the general rule is that an appeal may be a matter of right, it is not necessarily a matter of right at the expense of one's adversary (Barker v. Barker, supra, 139 Cal.App.2d 206, 220).
 In Gay v. Gay, 146 Cal. 237, 240-241 [79 P. 885], the court said: "It is insisted that the record does not disclose that the appeal from the judgment was taken in good faith or that it has any merit. We think it does. Counsel is mistaken in his view that this question of good faith, or merit, is to be determined solely from an inspection of the judgment-roll. *159 It is to be determined from the showing made upon the hearing in the lower court and upon which the order was based. The affidavit of respondent states that her appeal was taken in good faith, and upon the advice of her attorney that she had good grounds for appeal from the judgment. Her appeal from the judgment is not necessarily to be heard upon the judgment-roll alone. Her affidavit shows that she had filed a notice of intention to move for a new trial, and in support of it had prepared and served a bill of exceptions and filed affidavits. Upon the appeal from the judgment, she will be entitled to use the bill of exceptions settled for use on the motion for a new trial, if she so desires. [Citations.] The lower court had a right to take all these matters into consideration in determining the question of good faith and merit. The respondent was not required to demonstrate that her appeal will be successful; she was only required to show to the satisfaction of the lower court that the appeal was taken in the belief, and upon the advice of her attorneys, that she had good grounds to expect a reversal upon all the record which she would be entitled to present to this court upon such appeal. The fact that the judge of the lower court before whom the case was tried, and who was therefore fully advised of all the proceedings therein, awarded her alimony, is some evidence that he believed there was merit in her appeal and that it was being taken in good faith. If he believed otherwise, he would have denied the motion. In Bohnert v. Bohnert, supra, 91 Cal. 431, there was not as strong a showing, either as to good faith or a meritorious appeal, as appears in the case at bar, and yet in that case it was held that the record disclosed nothing to justify this court in disturbing the discretion in awarding alimony, pending the appeal, exercised by the trial court in that case, and in our judgment there is less warrant for doing so in the case at bar."
 If the trial court is satisfied from the record that the appeal is not undertaken in good faith, it has a right to deny such relief, as is indicated in Brown v. Brown, supra, 162 Cal.App.2d 314, 319.
 There is nothing in the record which indicates that the wife's appeal was not in good faith and this is undoubtedly a matter considered by the trial court. (See Armstrong v. Armstrong, 81 Cal.App.2d 322, 324-325 [183 P.2d 905].)
 The order is affirmed.
 Conley, P. J., and Stone, J., concurred.
NOTES
[fn. *] *. A hearing was granted by the Supreme Court on May 2, 1962. The final opinion of that court is reported in 58 Cal.2d ___ [25 Cal.Rptr. 87, 375 P.2d 55].