211 Cal.App.3d 1331 (1989)
260 Cal. Rptr. 126
In re MARKAUS V., a Person Coming Under the Juvenile Court Law.
TRINITY COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
CYNTHIA V., Defendant and Appellant; RICHARD V., Respondent.
Docket No. C004587.
Court of Appeals of California, Third District.
June 29, 1989.
*1333 COUNSEL
John Murcko, under appointment by the Court of Appeal, for Defendant and Appellant.
David Cross, District Attorney, and W. James Woods, Deputy District Attorney, for Plaintiff and Respondent.
James R. Yeo, under appointment by the Court of Appeal, for Respondent.
[Opinion certified for partial publication.[*]]
OPINION
SIMS, J.
In this case involving dependency proceedings brought under Welfare and Institutions Code section 300, we discuss when the time for filing a notice of appeal from an order begins to run. (All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.)

PROCEDURAL BACKGROUND
In this published portion of the opinion, we recite only those facts necessary to determine the timeliness of the appeal. Since we conclude the appeal is timely, in an unpublished portion we consider the appeal on the merits and hold that substantial evidence supports the trial court's order.
Before March 1988 the minor's parents had commenced an action to dissolve their marriage, and physical custody of the minor had been awarded to the mother in that action.
While the marital dissolution action was pending, the minor had also been made a dependent child of the juvenile court under subdivision (a) of section 300. The juvenile court ordered placement of the minor with his father.
On March 11, 1988, the juvenile court conducted a six-month review hearing. (§ 364, subd. (d).) Exercising its authority under section 362.4,[1] at *1334 the hearing the court ordered the termination of the minor's dependency and transfer of physical custody to the father. The father's attorney was directed to prepare a formal written order incorporating this and other orders originating at the hearing.
On March 16, 1988, the court signed and dated a minute order for the March 11 hearing.
On March 29, 1988, a written order after hearing, prepared by the father's attorney and incorporating the orders pronounced on March 11, was signed and filed.
On May 12, 1988, the mother's counsel attempted to file a notice of appeal "from the decision placing Markus [sic] [V.] with Richard [V.] rendered on the 11th day of March, 1988." The clerk of the juvenile court stamped the notice "received," but refused to file it on the ground it was untimely.
On May 27, 1988, the juvenile court held a hearing on the notice of appeal. The mother's counsel argued the notice was timely filed. The court ordered the notice filed.[2]

DISCUSSION

I

The Mother's Notice of Appeal Was Timely
(1a) Citing Berman v. Klassman (1971) 17 Cal. App.3d 900, 908 [95 Cal. Rptr. 417], Brown v. Brown (1958) 162 Cal. App.2d 314, 318 [328 P.2d 4], and Edelen v. Edelen (1957) 150 Cal. App.2d 681, 683 [310 P.2d 486], the mother and the county contend that the time for filing notice of appeal began to run on March 29, 1988, when the trial court filed the formal order prepared by counsel.[3] Although we shall ultimately agree the time to appeal *1335 began to run on this date, it is not because the cited cases compel that conclusion.
The cited cases are civil cases where the time to appeal is governed by rule 2 of the California Rules of Court. (All further references to rules are to the California Rules of Court.) Rule 2 provides in relevant part: "(a) ... [N]otice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court.... [¶] (b) For the purposes of this rule: (1) The date of entry of a judgment shall be the date of its entry in the judgment book.... (2) The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order. (3) The date of entry of an appealable order which is not entered in the minutes shall be the date of filing of the order signed by the court...." (Italics added.)
As the plain language of rule 2 indicates, time to file notice of appeal runs from "entry" of an order or judgment. (See Slawinski v. Mocettini (1965) 63 Cal.2d 70, 71-72 [45 Cal. Rptr. 15, 403 P.2d 143].) However, the time to appeal in the instant juvenile case is governed not by rule 2 but rather by rule 39(b), which is expressly applicable to appeals from the juvenile court.[4] As relevant here, where no referee was involved, rule 39(b) required that a written notice of appeal be filed "within 60 days after the rendition of the judgment or making of the order. ..." (Italics added.) The question here, then, is not when the order was "entered" but when it was "made." To our knowledge, no case has decided that question under rule 39.
However, the language in rule 39(b) governing the time to appeal replicates language in rule 31(a), applicable to criminal appeals. Thus, the latter rule provides in pertinent part that "an appeal is taken by filing a written notice of appeal with the clerk of the superior court within 60 days after the rendition of the judgment or the making of the order."
We think the "making of the order" must mean the same thing in rules 31(a) and 39(b). The note prepared by the Advisory Committee involved *1336 with drafting rule 39 recognizes the language of the rule was borrowed from rule 31.[5] (2) Words or phrases in a statutory provision that were used in a prior act or closely related act pertaining to the same subject will usually be construed to be used in the same sense. (Estate of Hoertkorn (1979) 88 Cal. App.3d 461, 465-466 [151 Cal. Rptr. 806]; 2A Sutherland, Statutory Construction (4th ed.) § 51.02, p. 290.) Since all rules of court are adopted by the Judicial Council functioning in a quasi-legislative capacity (Cal. Const., art. VI, § 6; Code Civ. Proc., § 901; Pen. Code, § 1247k), the canon of statutory construction should apply to the rules, as well.
In its application of rule 31, our Supreme Court has generally begun to count the time to file a notice of appeal from the oral pronouncement of judgment in open court.[6] (See, e.g., People v. Howerton (1953) 40 Cal.2d 217, 218 [253 P.2d 8]; In re Levi (1952) 39 Cal.2d 41, 46 [244 P.2d 403]; People v. Slobodion (1947) 30 Cal.2d 362, 363 [181 P.2d 868].) In at least one case, the Supreme Court has started the time to appeal from an order denying a motion upon the oral denial in open court. (See People v. Behrmann (1949) 34 Cal.2d 459, 460-461 [211 P.2d 575].)
(3) These applications of rule 31 are in accord with the general rule that, "An order or decree of court takes effect from the time it is pronounced, and the failure of the clerk to file the papers or enter the judgment does not delay or defeat the operation of the court's pronouncement. [Citations.]" (Fresno Estate Co. v. Fiske (1916) 172 Cal. 583, 597-598 [157 P. 1127].) (4) These applications are also consistent with the history of rule 31. The crucial language in rule 31(a), stating the time to appeal begins to run from "the rendition of the judgment or the making of the order," was incorporated into rule 31 from former Penal Code section 1239, subdivision (a), which governed the filing of criminal appeals before the enactment of rule 31 in 1943.[7] Under that statute, a criminal appeal could be taken by *1337 "(1) Announcing in open court at the time the judgment is rendered or the order made that an appeal is taken from the same; or [¶] (2) Filing with the clerk of the court a written notice of appeal within five days after the rendition of the judgment or the making of the order, ..." (Stats. 1939, ch. 1016, § 1, p. 2800, italics added.) The first procedure clearly would be impossible unless an order was "made" when pronounced in open court. The extremely short time limit under the second procedure points to the same conclusion.
We therefore conclude that, as a general rule, under rule 31(a), and hence under rule 39(b), if an order is pronounced in open court, the time to appeal from the order begins to run when the order is pronounced.
(1b) However, the instant case presents an exception to the general rule. (5) It has been recognized that where a statute requires a certain form of order, the order is effective only when made in the statutory form. Thus, for example, in Brownell v. Superior Court (1910) 157 Cal. 703 [109 P. 91], a statute required that an order of partial distribution of an estate had to state a bond had been filed. However, no bond had been filed when the trial court orally pronounced its order of partial distribution. Our Supreme Court held the order of partial distribution was effective only when a written order, containing the necessary reference to the bond, was entered in the minutes. (P. 708.)
(1c) Here, the order appealed from was "made" pursuant to the authority of section 362.4, which authorizes the juvenile court to "issue" an order determining the custody of the child and directs that the order "shall be filed in the proceeding for nullity or dissolution at the time the juvenile court terminates its jurisdiction over the minor, ..." (See fn. 1, ante.) Section 362.4 plainly envisions that a written order be "issued" and filed in another action. Section 362.4 does not contemplate that an oral order shall be valid. Consequently, in this case, the juvenile court accomplished the "making" of its order when it "issued" the written order that would also be filed in the marital dissolution action, all in compliance with section 362.4. That order was the order prepared by counsel and signed and filed on March 29, 1988.
Since the mother's notice of appeal was filed less than 60 days from the "making" of the subject order on March 29, the appeal is timely under rule 39(b).

*1338 II

Substantial Evidence Supports the Juvenile Court's Order[*]
.... .... .... .... .... .

DISPOSITION
The order appealed from is affirmed.
Carr, Acting P.J., and Davis, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II of the Discussion.
[1] Section 362.4 provides: "When the juvenile court terminates its jurisdiction over a minor who has been adjudged a dependent child of the juvenile court prior to the persons' [sic] attainment of the age of 18 years, and either proceedings for the declaration of the nullity or dissolution of the marriage of the minor's parents are pending in the superior court of the same county, or an order has been entered with regard to the custody of that minor, the juvenile court on its own motion, may issue an order directed to either of the parents enjoining any action specified in paragraph (2) or (3) of subdivision (a) of Section 4359 of the Civil Code or determining the custody of or visitation with the child.

"Any order issued pursuant to this section shall continue until modified or terminated by a subsequent order of the superior court. The order of the juvenile court shall be filed in the proceeding for nullity or dissolution at the time the juvenile court terminates its jurisdiction over the minor, and shall become a part thereof." (Fn. omitted.)
[2] It is uncontested that the order appealed from is an appealable order in that it is an order after judgment. (See § 395.)
[3] The father and the county have filed separate respondent's briefs. The father argues the appeal was untimely; the county agrees with the mother that it was timely.
[4] Rule 39(b) provides: "In the cases provided by law, an appeal from the juvenile court is taken by filing with the clerk of that court a written notice of appeal within 60 days after the rendition of the judgment or the making of the order or, in matters heard by a referee, within 60 days after the order of the referee becomes final under rule 1318(c). When an application for a judicial rehearing of a referee order is made and denied under rule 1319, the notice of appeal shall be filed within 60 days after service of the referee's order in accordance with rule 1317(b)(3), or within 30 days after the entry of the order denying the application, whichever time is greater. When a notice of appeal is received, the clerk shall proceed in accordance with rule 31."
[5] Thus, the Advisory Committee note states in pertinent part: "Subdivision (b), relating to the time for filing the notice of appeal, is based upon rules 3(b) and 31(a)." (See Advisory Com. comment, rule 39(b).)
[6] However, we note that, "[T]he period for filing a notice of appeal does not begin to run against a prisoner, whose only contact with the courts is through the mail, until the prisoner receives the order from which he seeks to appeal." (People v. Griggs (1967) 67 Cal.2d 314, 318 [61 Cal. Rptr. 641, 431 P.2d 225].)
[7] Former Penal Code section 1239, subdivision (a), was enacted by Statutes 1939, chapter 1016, section 1, page 2800. It was amended by Statutes 1945, chapter 40, section 9, page 358, to delete the specified procedure for taking appeals and to replace it with the clause "in the manner provided in rules adopted by the Judicial Council."

As originally enacted, rule 31 provided in pertinent part, "... an appeal may be taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order, ..."
The rules originally adopted by the Judicial Council are found at the beginning of volume 22, California Reports, Second Series. (22 Cal.2d. at p. 22.)
[*] See footnote, ante, page 1331.